# SUPREME COURT.

## Isaac P. Van Alen agt. Cornelius P. Schermerhorn.

Where, in an action for a balance of an account, the defendant set up a counter-claim for costs and services as an attorney and counsellor at law, and claimed a large balance due him, and, after issue joined, several years passed without bringing the cause to trial, in consequence of the referee having removed from the county, on motion by the plaintiff for leave to *discontinue* the action, and in answer the defendant alleging that, if it was discontinued, the statute of limitations would be a bar to his counter-claim,

*Held*, that it would be unjust to allow the plaintiff to discontinue. The motion was denied, with costs to abide the event, and leave given to make application to substitute a new referee.

*Albany Special Term, Sept.*, 1856.

Motion for leave to discontinue.

The action is brought to recover a balance of account. The defendant, in his answer, set up a counter-claim for costs and services as an attorney and counsellor at law. Issue was joined in December, 1849. The cause was referred; but the referee having removed from the county, great delay has occurred in bringing the issue to trial. The plaintiff further states that the defendant is insolvent.

The defendant claims that there is a large balance due to him, over and above any amount which he owes the plaintiff; and that, in case the plaintiff should be allowed to discontinue his action, his demand would be barred by the statute of limitations.

George W. Bulkley, *for plaintiff*.
John H. Reynolds, *for defendant*.

Harris, Justice. When a defendant has a cause of action against a plaintiff, he may, in certain cases, set it up by way of defence. Such a defence is called a *counter-claim*. There are, then, before the court two causes of action. If the defendant has denied the plaintiff's cause of action, and the plaintiff, by

Van Alen agt. Schermerhorn.

his reply, has denied the defendant's cause of action, there are, in fact, two distinct actions to be tried in one. Each is to be tried as though it were a separate action. Each party is entitled to affirmative relief, in respect to the cause of action he may establish, and the final judgment is in favor of the one party or the other, according to the amount recovered. (*See Davidson* agt. *Remington*, 12 *How*. 310.)

The subject has been well considered by Mr. Justice MITCHELL, in *The Seaboard and Roanoke Railroad Company* agt. *Ward*, (18 *Barb*. 595.) In that case it was held that the plaintiff might discontinue his action at any time before the time for replying to a counter-claim should expire. But after the plaintiff has put in his reply, the defendant has an absolute right, in case he succeeds upon the trial, to have an affirmative judgment in his favor. Then he can discontinue only upon obtaining leave from the court. The same view was taken by the superior court of New-York, in *Cockle* agt. *Underwood*. (1 *Abbott*, 1.)

In this case it would be obviously unjust to allow the plaintiff to discontinue. By commencing and continuing this action for about seven years, he has prevented the defendant from suing upon his demand, until now the statute of limitations would be an effectual bar to any action that might be commenced.

The motion must, therefore, be denied. The costs of opposing should abide the event. In case there should be any further difficulty in procuring the attendance of the referee, another person should be substituted in his place. And, notwithstanding the former order denying a motion for that purpose, the plaintiff should be allowed to renew his application.