Oaksmith v. Sutherland.

SIDNEY OAKSMITH and BISHOP R. KEEPLER *v.* JAMES SUTHER-
LAND.

The plaintiff has a right to discontinue, on payment of costs, at any time before the
time to reply has expired, notwithstanding the interposition of a counter-claim in
the defendant's answer.

APPEAL by plaintiffs from an order made at special term,
allowing the plaintiffs to discontinue. The facts appear in the
opinion of the court.

*R. F. Andrews,* for the appellants.

*B. Skaats,* for the respondent.

BRADY, J.—Before the time to reply had expired, the plain-
tiffs tendered the costs which accrue on a discontinuance before
issue joined, and gave notice of discontinuance at the same time.
Subsequently, and before the period to reply had elapsed, the
plaintiffs gave notice of motion for leave to discontinue this ac-
tion. The reasoning in *Bockle* v. *Underwood* (1 Abbott, 1) does
not apply, therefore, to this case, the counter-claim not having
been admitted by the plaintiffs. The notice of discontinuance
and the tender of costs was all that the plaintiffs were required
to do, if the right to discontinue existed. I had doubts whether,
when a counter-claim was set up, the plaintiffs could discontinue
without the defendant's consent, even within the twenty days
allowed to reply, notwithstanding the case of *Seaboard and Roan-
oake Railroad Co.* v. *Ward* (1 Abbott, 46), but, on examination
of the subject, I am convinced that the plaintiffs have the right
absolutely. In this case I cannot understand how the defend-
ant's rights can be prejudiced, inasmuch as the claim, if assigned,
will be subject to the equities existing between assignor and
debtor, and the debtor may be examined in his own behalf, if
the assignor should be a witness for the assignee.

Order appealed from affirmed.