## HORACE SCRANTON *v.* URIAH P. LEVY.

Whether the justice of a district court may open a judgment rendered by him on default through mistake, *quære?*

But if it be opened by consent of the parties, and the cause tried upon its merits. and on such trial a similar judgment rendered, it will not be deemed irregular, where it can be seen that the evidence justified the conclusion arrived at by the justice; and the power of the justice to open the default and proceed with the trial will not be inquired into on the appeal therefrom to this court.

APPEAL by defendant from a judgment of the Sixth District Court. This was an action for services rendered by the plaintiff's assignors, in making fifty doors for the defendant. Upon

the adjourned day, the justice, through mistake, granted the plaintiff a judgment by default, an hour before the time to which the cause was adjourned; but, discovering his mistake, he opened the default, and the cause was tried upon its merits.

Upon the trial, the defendant offered in evidence a contract made by James C. Curtis and Albion K. Hodgson, by which they agreed to trim and finish up two houses belonging to the defendant, for $240. He also introduced some evidence that they had not entirely completed the houses, together with receipts, signed by them, showing an over-payment. One of these receipts was for $50, and was expressed to be on account of the work of trimming the house "*and making of fifty-two doors.*" The plaintiff's assignor testified, in rebuttal, that the agreement put in evidence and the receipts had been altered after they had signed them, that the words "and finish up" had been interlined in the agreement, and the words above, in italics, had been added to the receipt after execution, and offered evidence showing that they were prevented from finishing the work by the defendant. No evidence was offered contradicting this, and the justice thereupon allowed the judgment as rendered upon the inquest to remain unaltered. The defendant appealed.

*Asahel S. Levy,* for the appellant.

*Smith and Wells,* for the respondent.

BRADY, J.—The cause had been adjourned until the 25th April, 1856, at 11, A. M., and the justice gave judgment for the plaintiff prior to that time, under the impression that the action had been adjourned until 10, A. M. When on that day the defendant appeared, the judgment was opened, it is said, and the action tried in the usual manner. After the testimony had closed, the justice having discovered no reason why his finding should be altered, left his original entry of judgment as his judgment in the cause. The defendant now insists that the justice, having entered his judgment, could not open it, and that therefore his subsequent proceedings cannot be sustained. Without

passing upon the power of the justice to open a judgment rendered by him, it is sufficient to say that the first proceeding, it is conceded, was without jurisdiction and void, and was so regarded by the parties when the defendant appeared ; and that the second proceeding, which was regular and formed the basis of the judgment appealed from, was acquiesced in by the defendant, whose appearance and submission conferred jurisdiction upon the justice, even if he had no right to treat his previous trial as a nullity. The judgment in this case was rendered on a trial of the action, which was contemplated by the adjournment. Besides that, the objection should not, under the circumstances, have been taken, and would not be regarded, unless the duty of the court required its consideration. If the defendant desired to avail himself of the error, he should have appealed from the first judgment. He has waived technicalities, and must depend upon the merits. These being against him, the judgment will not be disturbed.

Judgment affirmed.