Brady, J.
I have not been able to arrive definitely at the conclusion that the defendants have interposed a counter - claim in this action which can be enforced against the -plaintiffs. The plaintiffs’ relations to the North American Lloyd Steamship Company, and those of the defendants to that company, and the rights and liabilities of the parties hereto, acquired by the agreement in reference to the organization of a new company, will be necessarily involved in any investigation of the counter-claim; and it seems to me, although I think I am not called upon to decide the question upon this mo *39 tion, that the parties necessary to such an investigation are not before the court.
It may be proper upon this subject to say in addition that the plaintiffs seem to have invited an examination and settlement of their accounts with the defendants, and to have in that way called upon this court to exercise its jurisdiction over them both ; but that proceeding was predicated on the alleged contemplated sale of .the steamers named, in an improper, and consequently disadvantageous manner—the result of which would be, as they allege, that, selling for far less than their value, the plaintiffs would suffer pecuniarily, inasmuch as they would be entitled to a credit of the amount realized upon such sale. The chief design of the plaintiffs seems to have been to have the vessels sold separately.
Assuming, however, without further comment, that a valid counter-claim has been set up, it appears to be denied by the plaintiffs, and put in issue ; and it does not appear that it would be jeopardized by a discontinuance of this action, or that the defendants have acquired by any order or decree in this action, or by the pleadings, any right in reference to the subject-matter of the action or their counter-claim of which they would be deprived by its discontinuance. Under such circumstances the right to discontinue will not be controlled, although a counter-claim has been interposed. The cases are uniform on this subject (Oaksmith v. Sutherland, 1 Hilt., 265 ; Van Alen v. Schermerhorn, 14 How. Pr., 287 ; Rees v. Van Patten, 13 Id., 258 ; Cooke v. Beach, 25 Id., 356 ; Cummins v. Bennett, 8 Paige, 79 ; Young v. Bush, 36 How. Pr., 240 ; Seaboard & Roanoke R. R. Co. v. Ward, 1 Abb. Pr., 46 ; S. C., less fully reported, 18 Barb., 595).
It is claimed by the defendants that they are prejudiced by the discontinuance of the action, inasmuch as they have no remedy on the undertaking for the damages sustained in consequence of its existence — that by the discontinuance of the action the court does not, in the language of the undertaking ■ with reference to the injunction, “ finally decide that the plaintiff was not en *40 titled thereto.” This question has been substantially decided by the superior court at general term, in the ease of Carpenter v. Wright (4 Bosw., 655). The injunction having been dissolved on motion, the plaintiff discontinued, and the court held that it had been finally determined in the action that the plaintiff was not entitled to the injunction.
In this case the plaintiffs entered an order dissolving the injunction on their consent thereto, and on their own motion, and when the cause was peremptorily set down for trial, discontinued it. The order dissolving the injunction was entered after a motion made to increase the security originally given by the plaintiff, and, it is a fair conclusion, in consequence of such motion having been made. The plaintiffs, having obtained an order dissolving the injunction, are concluded by it, and having entered an order of discontinuance, are concluded by that also. No conclusion is to be drawn from the first order other than that the injunction could not finally be maintained ; and the second order, taken in connection with the first, is a final decision that the plaintiffs were not entitled to the injunction.
I entertain no doubt about these views. If, at the conclusion of the action, the injunction is not in esse, the final determination as to it is against the plaintiffs, and it matters not, in relation to the defendant’s remedy on the undertaking, whether the case is ended by the act of the plaintiffs or not. He does not maintain the case he has made, and bears the burden of his failure to do so.
In the case of Methodist Churches of New York v. Barker (18 N. Y., 463), an order of reference was made where the complaint had been dismissed. It does not appear by the report whether the dismissal was upon a trial or otherwise.
In legal effect, at least in reference to the defendant’s rights upon an undertaking given- in a case like this, there can be no distinction between a dismissal of the complaint for failure to prosecute and a discontinuance. In both the plaintiff refuses to proceed upon the merits— *41 to submit his claim to the tribunal he has selected, after the issues made, and his refusal is a quasi admission that he cannot maintain the action then existing. Such admission involves the concessions that the injunction could not be sustained, and that the plaintiffs were not entitled to it. When the plaintiffs’ right to discontinue is to be employed, it would be unjust to uphold a contrary doctrine.
The Code does not, in my view of it, require that a judgment should be entered to make the defendant’s remedy on the undertaking perfect. It is only required that the court should finally decide that the plaintiffs were not entitled to the injunction which, as already suggested, has been done in this case ; but all question upon that subject can be set at rest by the entry of a judgment of discontinuance. It is true that a rule for the discontinuance of an action, without payment of costs, is a nullity (McKenster ads. Van Zandt, 1 Wend., 13 ; James v. Delavan, 7 Id., 511), if the defendants choose so to regard it; but there is nothing to prevent their entering up a judgment for costs if they prefer that mode (see 1 Burr. Pr., 179).
My conclusions, for these reasons, are:
1. That the plaintiffs had the right to discontinue, subject to the power of the court to review and to restrict the exercise of such authority (Young v. Bush, 36 How. Pr., 240).
2. That in this case the counter-claim having been denied, and no interlocutory decree or order having been made in the defendants’ favor, and it not appearing that any right of theirs in relation to the subject-matter of the action or their counter-claim will be jeopardized thereby, the discontinuance should not be vacated.
3. That the defendants have the power to enter judgment of discontinuance and for costs.
4. That whether such judgment be entered or not, this court has, by the orders entered in this action, and referred to in the preceding opinion, finally determined *42 in this action that the plaintiffs are not entitled to the injunction obtained; and,
-5. That the defendants are entitled to an order of reference to ascertain the damages sustained by them in consequence of said injunction having been issued.
Ordered accordingly.