J. F. Daly, J.
Although the defendant has interposed a counter-claim, the plaintiff has the right to discontinue (Oaksmith v. Sutherland, 4 Abb. Pr., 15; S. C., 1 Hilt., 261; Pacific Mail Steamship Co. v. Leuling, 7 Abb. Pr. N. S., 37; Seaboard & Roanoke R. R. Co. v. Ward, 1 Abb. Pr., 46; S. C., 18 Barb., 595). The question remains, can the court, in a proper case, order the plaintiff to pay defendant an extra allowance under subdivision 2 of section 309 of the Code, in addition to defendant’s taxable costs, as a condition of discontinuance. It rests in the discretion of the court to impose even the payment by plaintiff of defendant’s taxable costs, as a condition of granting leave to discontinue (Court of Appeals, Staiger v. Schultz, 3 Keyes, 614; De Barante v. Deyermand, 41 N. Y., 355; S. C., 40 How. Pr., 180). It would seem, then, to be equally a matter resting in the discretion of the court, whether the plaintiff should be ordered, before discontinuing, to pay the whole or any part of the allowances authorized by sections 303 to 309 of the Code, inclusive, whether such allowances be what is commonly called “ taxable costs,” and provided for in section 307, or the sums mentioned in section 308, or the rates and percentages mentioned in section 309. The allowance under subdivision 2 of section 309 may be granted even where no trial has been had, where a defense only has been interposed; and this wording of the section seems to *239 have been intended to cover cases where the issues' have not been brought to trial up to. the time when the question of allowing costs is before the court. If the defendant be entitled to costs, he has the right to apply for an extra allowance under subdivision 2 of section 309.
The defendant is entitled to costs where the plaintiff discontinues, if the court thinks proper. In this case, the plaintiff tendered defendant his taxable costs, thus conceding his right to them, and I think the defendant was entitled to costs. The plaintiff was a nonresident, and commenced the action July 11, 1871. The defendant procured an order requiring plaintiff to file security for costs, which order has not been complied with. Defendant, notwithstanding, retained counsel and prepared and served an answer joining issue with plaintiff’s cause of action, and setting up besides, a counter-claim.
The plaintiff should not expect to go out of court without making compensation to defendant for the expense this suit has caused him. The only way to indemnify defendant, is by granting a further allowance under subdivision 2 of section 309.
The defendant claims two hundred and fifty dollars, but this would be the limit the court could award (five per cent, on the claim of defendant in his answer), even after the expense of a trial. At this stage of- the case, I deem one hundred and fifty dollars a proper allowance, upon the grounds disclosed by the affidavit of defendant’s attorney on this motion.
The plaintiff may have an order of discontinuance, on payment of that sum, with the taxable costs and disbursements.
Order accordingly.