## Case No. 16,981.

### In re VOGEL et al.

[9 Ben. 498; [1] 8 N. B. R. 165.]

District Court, S. D. New York. May 30, 1878.

INVOLUNTARY PETITION—WITHDRAWAL OF CREDITOR—INTERVENTION OF ATTACHING CREDITOR.

1. A creditor who had joined in a petition against debtors, moved for leave to withdraw on the allegation that he joined in the petition at the request of the debtors, and was induced to do so by a misrepresentation on their part as to the nature of the claims of two of his co-petitioners. *Held*, that one of several creditors who has petitioned in bankruptcy has not the same right to withdraw from the proceedings that a plaintiff in a suit has to discontinue it.

2. That the alleged misrepresentation in this case, being made by the debtors, did not authorize the creditor, as against the other petitioners, to withdraw.

3. After the filing of a petition and the issue of an order to show cause, a creditor of the bankrupts proceeded with a suit then pending, obtained an attachment under which property of the bankrupts was seized, and obtained a judgment. He then applied to be allowed to intervene and contest the right to an adjudication. *Held*, that the creditor, notwithstanding his attachment and judgment, had only the rights of a creditor at large, and had no right to intervene.

[Cited in Re Lawrence, Case No. 8,133.]

[In the matter of Henry C. Vogel and Thomas A. Reynolds, alleged bankrupts.]

Walsh & Eckerson, for petitioning creditors. Nelson Smith, for the moving parties.

CHOATE, District Judge. One of the creditors who joined in the petition against the debtors now moves for leave to withdraw on two grounds: First, on what his counsel calls the natural right of every plaintiff to discontinue his suit; and, secondly, on the ground that he joined in the petition at the request of the debtors themselves, and was induced to do so by a misrepresentation on their part as to the nature of the claims of two of his co-petitioners. It appears that since the filing of the petition, the creditor now moving to withdraw has obtained judgment on his debt. The motion must be denied. There is no analogy between this case and a suit at law or in equity where a plaintiff may discontinue on payment of costs, be-

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

cause he thereby can affect injuriously no interests but his own. The right does not exist where the defendant's rights would be impaired, as in case of a counterclaim by the defendant which would be barred by the statute of limitations if the discontinuance were allowed. Van Alen v. Schermerhorn, 14 How. Prac. 287. In this proceeding the other petitioners have rights to be protected. They have relied upon the joinder of this party with them as enabling them to maintain the petition. It may well be that if he had not joined they might have obtained another co-petitioner to take his place. If he withdraws the petition may fail, and intervening rights of other parties may deprive them of the benefit of this proceeding. Therefore the general right of a petitioner to withdraw without sufficient cause cannot be admitted. To allow it would put all these proceedings at the mercy of the caprice or self-interest of any petitioner who may be persuaded or bribed to discontinue. The fact alleged, that the petition was filed by collusion with the debtors, and was in fact their petition, is not available to the petitioner. Such proceedings are valid. though instituted with the consent of the debtors and by their assistance, and the petitioner will not be heard to say that his petition was not filed in good faith so far as he is concerned. There was not, on the proofs, any misrepresentation which induced the moving petitioner to join, that entitles him as against his co-petitioners to withdraw. If they had induced him by deceit to join, he might be allowed to withdraw. In re Heffron [Case No. 6,-321]. But the alleged deceit was on the part of one of the debtors. and it does not appear upon the affidavits to have been a misrepresentation as to any matter of substance, nor intentionally false.

Another creditor of the alleged bankrupts who, since the filing of the petition, has obtained an attachment on the property of the debtors and a judgment, his debt being provable in bankruptcy, now moves, on the ground of the lien he claims to have acquired, to be allowed to intervene and contest the right of the petitioners to have an adjudication. This motion must also be denied. The bankrupt law provides (section 5024) that upon the filing of the petition and the issue of the order to show cause thereon, "the court may also, by injunction, restrain the debtor and any other person in the meantime from making any transfer or dispostion of any part of the debtor's property not excepted by this title from the operation thereof. and from any interference therewith." I think it is the obvious meaning and purpose of the statute that after the filing of the petition, and after the court shall in the first instance have determined that the proofs are sufficient to authorize the issue of the order to show cause, all interference with the property of the debtors on the part of other persons shall cease; and to carry out this policy and prevent vexatious attempts to obtain the property, this power to enjoin is expressly given. If, however, by reason of the fact that the petitioning creditors were ignorant of the pending proceedings of other creditors or otherwise, such other cred-

itors do interfere with the property, and attempt to get an advantage for themselves by attachment or levy of execution, the fact that they were not enjoined will not, as against the petitioning creditors, give them any rights whatever, under such attachment or levy. Their proceedings, so far as they are an interference with the debtor's property, are in violation of the statute, and void.

In this case the moving creditor, after the filing of the petition and the issue of the order to show cause, proceeded with a suit then pending, and obtained a warrant of attachment, under which goods of the debtor were seized by the sheriff, and he has since got judgment. He is not in the position of a creditor who at the time of the filing of the petition has a lien by attachment which would be avoided if the petition is sustained, and who is on that ground held to be entitled to contest the right of the petitioners to maintain the petition. On the contrary, he is simply in the position of a creditor at large, who, it has been repeatedly held in this district, has no right to intervene.