HEDGES (UNITED STATES v.). See Case No. 15,339.

## Case No. 6,320.

HEERMAN v. BEEF SLOUGH MANUF'G, ETC., CO.

Circuit Court, W. D. Wisconsin.   Dec., 1878.

[Cited in Huse v. Glover, 15 Fed. 296.   See 1 Fed. 145.]

## Case No. 6,321.

### In re HEFFRON.

[6 Biss. 156;[1] 10 N. B. R. 213; 6 Chi. Leg. News, 358.]

District Court, N. D. Illinois.   July, 1874.

WITHDRAWAL BY CREDITORS FROM BANKRUPTCY PROCEEDINGS.

1. Creditors who, since the amendment of June 22, 1874 [18 Stat. 178], have joined in the petition cannot afterwards be allowed to withdraw from the proceedings.
   [Cited in Re Western Sav. & T. Co., Case No. 17,442; Re Philadelphia Axle Works, Id. 11,091.]
   [Distinguished in Re Hawkes, 70 Me. 215.]

2. Such a practice would lead to underhand agreements between the debtor and a part of his creditors at the expense of the others, and cannot be allowed.
   [Cited in Re Sheffer, Case No. 12,742; Re Vogel, Id. 16,981.]

3. Semble,—if all desire to dismiss the proceedings it could be done.

[In bankruptcy. In the matter of P. H. Heffron.]

Bonfield & Swezey, for creditors.
Eldridge & Tourtellotte, for debtor.

BLODGETT, District Judge. The original petition in this case was filed before the passage of the amendment of June 22, 1874, to the general bankrupt law. After the amend-

ment had been passed, the debtor alleged that a fourth in number of his creditors, representing a third of the debts provable against him in bankruptcy, had not joined in said petition, and filed a list of his creditors. Thereupon time was given for the requisite number of his creditors to join said petition, and an amended petition was subsequently filed by the requisite number of creditors. Now, a portion of the creditors who have joined in said petition come into court and ask leave to withdraw their names from said petition, and that said petition and proceedings be dismissed so far as they are concerned, thereby leaving less than the requisite number of parties to said petition.

After careful consideration of the matter, I am of opinion that this request should be denied, and that none of the creditors who have joined in the petition should be allowed to withdraw unless all do so. Of course if all the creditors of a debtor express a desire to dismiss the proceedings, they should, as a rule, be allowed to do so. But as the bankrupt law now stands, I am satisfied it would be a mischievous practice to inaugurate, to allow a quorum to be broken after they have united in good faith for the prosecution of the proceedings. It would lead to underhand and secret negotiations between the debtor and a portion of the creditors, and be a strong incentive for showing favors to a few creditors at the expense of the many.

It may be said that the same influence may be brought to bear upon those holding the balance of power before bankrupt proceedings are commenced, but my answer to that is, that the court has naught to do with the parties until they commence proceedings, and then should not allow those who do commence proceedings to break faith with their associates, and desert the standard they have united to raise.

I do not intend to say that creditors who have been misled by false representations should be prevented from withdrawing on discovery of the truth, if the court is satisfied that they were so misled; but in this case there is no such suggestion, and all the surrounding circumstances tend to show that the creditors who wish to withdraw have been wrought upon by the debtor. Leave to withdraw denied.

NOTE. A creditor who has in good faith joined in an involuntary petition cannot withdraw, nor can he afterwards object to an amendment thereof, which is necessary to the prosecution of the same to final effect; but a creditor who was induced to join by misrepresentation may be allowed to retire at any time before adjudication. In re Sargent [Case No. 12,361].

HEFT (AMERICAN WOOD PAPER CO. v.). See Case No. 322.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]