In re JEMISON MERCANTILE CO.

VAN DERVEER v. PHILLIPS & BUTTORFF MFG. CO. et al.

(Circuit Court of Appeals, Fifth Circuit. January 21, 1902.)

No. 1,047.

1. BANKRUPTCY—DISMISSAL OF PROCEEDINGS—REVIEW OF ORDER—PROCEDURE —REVIEW—PARTIES.

Where a creditors' petition for an adjudication of bankruptcy has been dismissed, and several other creditors join in a petition for a reinstatement of the proceedings, one of such creditors may petition for review of the order denying their petition, without being joined by the others, under the bankruptcy act (section 24b), providing that the several circuit courts of appeal shall have jurisdiction in equity to review in matters of law the proceedings of inferior courts of bankruptcy, and that such powers shall be exercised on due notice and petition by any party aggrieved; such proceedings for review not being governed by the rules relating to appeals.[1]

2. SAME—NOTICE TO CREDITORS—ORDER OF DISMISSAL—VALIDITY.

Where, after a creditors' petition for an adjudication of bankruptcy is filed, but before adjudication thereon, the assignee of all the petitioning creditors asks that the proceedings be dismissed, and the record does not disclose any other creditors, an order granting such request is not void, though there be other creditors, and no notice to creditors is given as prescribed in Bankruptcy Act, §§ 58a, 59g, providing that creditors shall have 10 days' notice by mail, to their addresses as they appear in the list of creditors, or as afterwards filed with the papers in the case, of the proposed dismissal of the proceedings, prescribing the manner of notice, and providing that an involuntary petition shall not be dismissed by the petitioners until after notice to the creditors.

3. SAME—REINSTATEMENT OF PROCEEDINGS—DILIGENCE—UNREASONABLE DELAY.

Where a creditors' petition that their debtor be adjudged a bankrupt is dismissed at their request, and other creditors wait one year before filing a petition to reinstate such proceedings, the delay is unreasonable, and the application should be denied.

---

[1] Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

Petition for Revision of Orders of the District Court of the United States for the Middle District of Alabama.

W. W. Howe, for petitioner.

Gordon Macdonald, for respondents.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge. On December 29, 1899, the Jemison Mercantile Company, a corporation then existing under the laws of the state of Alabama, and doing business in Chilton county, in that state, made a general assignment for the benefit of its creditors to one Joseph P. Van Derveer, who thereupon accepted the assignment, and took possession of the property and assets of the company, and proceeded to administer the same in the chancery court of Chilton county according to the course of proceeding in equity prescribed by the statutes of that state. On February 13, 1900, three certain creditors of the company filed their petition in the district court for the Middle district of Alabama, in due form, praying that the company might be adjudged a bankrupt. Their petition showed that they had provable claims against the company amounting to the sum of $2,800. On the same day they filed their petition, representing that it was dangerous to the interests of the creditors of the company to permit its assets to remain in the hands of the assignee during the pendency of their application to have the company adjudged a bankrupt, and that it was absolutely necessary for the preservation of the assets of the company to have a receiver appointed to take charge of the same, upon which application the court on the same day (February 13, 1900) made its order appointing a receiver to hold and preserve the assets of the company until the further orders or decrees of the court, and to take all steps in the premises that might be necessary to preserve said assets, and to prevent a loss and sacrifice of the same. On February 24, 1900, the following notice was filed in the bankrupt cause, signed by Lane & White, who were the attorneys of the petitioning creditors, namely:

"Birmingham, Ala., February 19th, 1900.

"Capt. J. W. Dimmick, Clerk, Montgomery, Ala.—Dear Sir: We beg to notify you that Mr. W. E. Pitts, of Montgomery, Ala., has purchased the claims of J. S. Reeves & Co., Everett, Ridley, Ragan & Co., and May & Thomas Hardware Company, the petitioners who filed in your court last Tuesday a petition to have the Jemison Mercantile Company declared a bankrupt; and therefore our connection with said claims and the prosecution of said petition has ceased, and Mr. W. E. Pitts will be authorized to carry on the litigation by and through his own attorney; it being understood, however, that any action they may take in the premises is to be by and with the consent of the United States court for the Middle district of Alabama."

On the same day (February 24, 1900) the district court entered the following order in the cause:

"On motion of Wm. A. Collier, attorney for W. E. Pitts, to whom the interest of all the petitioning creditors has passed, the appointment herein of J. R. P. Durham as receiver of the Jemison Mercantile Company, it is ordered by the court, be, and the same is hereby, revoked and set aside,

and the order of seizure made in this cause be, and the same is hereby, set aside. This the 24th day of February, 1900."

On March 31, 1900, the court made this order in the cause:

"Upon the petition of W. E. Pitts, by his attorney, Wm. A. Collier, this day filed in the above-stated cause in said court, it is hereby ordered and adjudged by the court that the petition of J. S. Reeves & Co. et al., to have the Jemison Mercantile Company, a corporation, declared a bankrupt, be, and the same is hereby, dismissed out of said court."

The petition for revision shows, and it is not disputed, that at the time this order was entered no answer had been filed to the petition of the creditors who had asked to have the company declared a bankrupt; that no creditors except those petitioners were before the court, and that nothing further was done in the court in that cause by any one until March 23, 1901, when four certain persons, claiming to be creditors of the Jemison Mercantile Company, filed a petition in the court showing that they had claims amounting in the aggregate to $312.88; that there were other outstanding creditors of the company, and that the aggregate amount due these petitioners and the other creditors was more than $900; that the other creditors referred to "will hereafter join in this petition"; that the petitioners and the other creditors referred to were such creditors of the mercantile company at the time of the filing of the petition for involuntary bankruptcy by the three creditors who presented the same on February 13, 1900; that the receiver then appointed never took possession of any of the assets of the alleged bankrupt; that, within a short time after the filing of that petition and the appointment of the receiver, the petitioning creditors transferred their claims to one W. E. Pitts, to whom they transferred the control and direction of the bankruptcy proceedings instituted by them; that this transferee petitioned the court to dismiss the proceedings; that none of these petitioners were given any notice of this application to dismiss the proceedings; that the assignee in the general assignment charged to be the act of bankruptcy took possession of all the assets of the mercantile company, of the value of $10,000; that he is now in possession of the same, or in control thereof, and that he will proceed to administer on these assets, and distribute the proceeds thereof, unless restrained by some appropriate order of the bankruptcy court. These petitioners further charged that the facts under which the proceedings were dismissed will show that the same were procured by persons who entered into some combination by which they might obtain an advantage over the petitioners and other creditors of the mercantile company. The premises considered, the petitioners prayed the court to set aside and vacate the order dismissing the proceedings for involuntary bankruptcy against the Jemison Mercantile Company; that the cause be reinstated in the bankruptcy court, and the petitioners allowed to prosecute that proceeding to effect. They prayed, also, for an order restraining J. P. Van Derveer from making any disposition of the money, assets, books, accounts, and papers which have come into his hands as assignee of the Jemison Mercantile Company; that he be ordered to deliver all such assets,

including all books, accounts, notes, and papers of the Jemison Mercantile Company which came into his hands as such assignee, to the receiver to be appointed by the court. They prayed that due notice of the filing of this petition be issued, directed to the Jemison Mercantile Company, W. E. Pitts, and J. P. Van Derveer, giving the residence of each, requiring them, and each of them, to answer this petition. The notice prayed was given to J. P. Van Derveer, the petitioner for revision herein. He appeared and submitted 12 grounds of demurrer to the petition of the Phillips & Buttorff Company and others, presented on March 23, 1901, of which a summary has just been given. We do not deem it necessary to set out these grounds in detail. They submit, substantially, that the allegations in the petition are too vague and indefinite to enable the defendant to intelligently join issue thereon; that the petition failed to show any legal grounds why the proceedings in bankruptcy should be reinstated; that the petition showed that the petitioners were not entitled to notice of the application to dismiss the proceedings, and does not show that the dismissal was wrongful, but shows that the proceedings were dismissed by the joint action of every creditor of the Jemison Mercantile Company, as far as was disclosed by the petition or any of the papers or records in the cause, and that all such creditors joined in the action for the dismissal of the proceedings; that the amount owing to these petitioners is not sufficient to give the court jurisdiction in bankruptcy, or to reinstate the petition dismissed. The court of bankruptcy overruled the demurrer in all things, and ordered that the party respondent to said petition, who had appeared in response to the order of the court made on said petition, to wit, J. P. Van Derveer, "be, and he is hereby, allowed until the 20th day of April, 1901, to file an answer to said petition." This order appears to have been made on the 5th of April, 1901. The petition for revision shows that after the court had overruled the demurrer, but, on the same day, the petitioners presented to the court an amendment, and asked its allowance, to the allowance of which the petitioner objected, but the court overruled the objection and allowed the amendment to be made. By this amendment eight other persons asked the court to be allowed to join in the petition of Phillips & Buttorff Manufacturing Company et al., and to be allowed to be petitioners in said matter, alleging that all of them were creditors of the Jemison Mercantile Company on the 31st day of March, 1900; setting out the amounts of their respective claims, aggregating $754.65.

The respondents submit that this proceeding is an appeal from a judgment of the district court, that it is subject to the regulations affecting appeals generally, and that it is brought by only one of the persons who were made defendants in the respondents' proceeding in the district court, without there having been a summons and severance as to the other parties against whom relief was asked and for whom notice was prayed; citing the recognized leading cases of Masterson v. Herndon, 10 Wall. 416, 19 L. Ed. 953; Terry v. Abraham, 93 U. S. 38, 23 L. Ed. 794; Hardee v. Wilson, 146

U. S. 179, 13 Sup. Ct. 39; 36 L. Ed. 933; and Inglehart v. Stansbury, 151 U. S. 68, 14 Sup. Ct. 237, 38 L. Ed. 76. We do not consider the proceeding as subject to the rules and limitations affecting such appeals as those to which the cases cited refer. Section 24b provides:

"The several circuit courts of appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved."

The respondents rely on sections 58a and 59g to support their contention that the district court was without jurisdiction to dismiss the proceedings without having given them notice thereof. The first of these sections provides that "creditors shall have at least ten days' notice by mail, to their respective addresses as they appear in the list of creditors of the bankrupt, or as afterward filed with the papers in the case by the creditors, unless they waive notice in writing, of * * * (8) the proposed dismissal of the proceedings." It is provided in paragraph "b": "Notice to creditors of the first meeting shall be published. * * * Other notices may be published as the court shall direct." Paragraph "c": "All notices shall be given by the referee, unless otherwise ordered by the judge." Section 59g provides that an involuntary petition shall not be dismissed by the petitioner or petitioners, or for want of prosecution, or by consent of parties, until after notice to the creditors. The respondents contend that "before dismissing the proceedings the bankruptcy court should have required that a full and complete list of the creditors of said Jemison Mercantile Company be filed, and directed that notice of the proposed dismissal be given each and every creditor, for it was the duty of the court to protect the interest of all the creditors." It may be replied to this suggestion that the petitioning creditors, or their transferee, William E. Pitts, are not presumed to have known who besides themselves were creditors of the mercantile company; and, while they may have had knowledge as to some other creditors than themselves, it is most improbable that they could have had full knowledge on that subject, so as to have made a full return as to the various creditors and their places of residence. And as to the mercantile company itself, it could not be required to make such a showing until it had been adjudged a bankrupt. By the act of June 22, 1874, the bankrupt law of 1867 was so amended as to provide that any of the persons therein named who should be deemed to have committed an act of bankruptcy might be adjudged a bankrupt on the petition of one or more of his creditors, "who shall constitute one-fourth thereof at least in number, and the aggregate of whose debts provable under this act amounts to at least one-third of the debts so provable." Under the act of 1867 as thus amended, it was necessary that petitioning creditors, in order to bring themselves within its terms, must have knowledge of the number of the creditors of the alleged bankrupt, and of the aggregate amount of debts provable against his estate. But no such burden

is put upon petitioning creditors by the law now in force. Where a single person presents a petition seeking to have a debtor adjudged a bankrupt, he must allege and show, besides the other essential averments and proof, that the number of the bankrupt's creditors does not exceed 12. And it may be that in that case the court could require him to present a list of existing creditors. It was after the passage of the act of June 22, 1874, that the cases cited and relied on by the respondents arose. In re Heffron, 6 Biss. 156, Fed. Cas. No. 6,321; In re Vogel, 9 Ben. 498, Fed. Cas. No. 16,981; In re Sargent, 13 N. B. R. 144, Fed. Cas. No. 12,361. The substance of all of these cases, so far as applicable to the case at bar, is that where the requisite number of creditors had joined in an application, under the law then in force, one or more of such petitioners could not withdraw before the adjudication without the consent of their copetitioners, where such action on their part might defeat the jurisdiction of the court and work a wrong to their copetitioners, who might originally have obtained the assistance of other creditors in prosecuting their petition within the time limited by the law, and whose right might be entirely defeated, either by limitation, or by the fraudulent combination of the debtor and other creditors, if the jurisdiction of the court was undermined by such withdrawal, and those who did not wish to withdraw were then forced to attempt the institution of a new proceeding. But even under the law of 1867, as thus amended, in the case of In re Heffron, supra, the very learned and distinguished Judge Blodgett, in the first two sentences of the paragraph, the last sentence of which paragraph the respondents here press, uses this language:

"After a careful consideration of the matter, I am of opinion that this request should be denied, and that none of the creditors who have joined in the petition should be allowed to withdraw unless all do so. Of course, if all the creditors of a debtor express a desire to dismiss the proceedings, they should, as a rule, be allowed to do so."

In the case of In re Vogel, a creditor who had joined in a petition against debtors moved for leave to withdraw, on the allegation that he joined in the petition at the request of the debtors, and was induced to do so by misrepresentation on their part, as to the nature of the claims of two of his copetitioners. Judge Choate held that the alleged misrepresentation in this case, being made by the debtors, did not authorize the creditor, as against the other petitioners, to withdraw. The report in the National Bankruptcy Register of the case of In re Sargent does not show expressly when it arose, but it is evident from the ruling that it was after the passage of the act of June 22, 1874. In it Judge Welker held that, where creditors in good faith join in a petition in bankruptcy, they cannot afterwards withdraw, so as to leave a less number and amount of the creditors than is required by law, and deprive the court of jurisdiction as to the matter of adjudication. It is thus manifest that, while these cases do not have a controlling bearing upon the case before us, they appear to rather meet than support the insistence of the respondents.

Undoubtedly the bankruptcy court, by express terms of the stat-

ute, is charged with the duty of dismissing an application to have a debtor declared a bankrupt on a proper showing made by the alleged bankrupt, or for the failure of the petitioners to establish the necessary grounds for the making of such an adjudication. It would seem, therefore, that the order of dismissal entered in this case cannot be held to have been void. If it was irregular (but we do not mean to intimate that it was) in such essential particulars as would authorize the court, on the application of other creditors, to set it aside and permit the later-applying creditors to conduct the proceeding, it is clear to us, from the very nature of the case, and the whole spirit of the act in reference to bankrupt proceedings, that such an application should be made within a reasonable time. In other proceedings the power of the court to set aside its decrees on proper showing expires ordinarily with the end of the term in which the decree is made. In bankrupt proceedings no such limitation obtains, or, rather, the whole period from the filing of the petition to the final settlement of the proceeding constitutes but one term. Sandusky v. Bank, 23 Wall. 289, 23 L. Ed. 155. This difference in the proceedings, so far from justifying unreasonable delay, requires the enforcement of reasonable diligence, and we are clear that the application of these respondents came too late.

We hold that the district court erred in refusing to dismiss or strike from its files the petition of the respondents. Its action thereon is reversed, and we here order that the petition be, and it is hereby, dismissed at the cost of the petitioners.