Mr. Justice Cox
delivered the opinion of the Court:
This is an action on an appeal bond executed by the defendants, with Mark Young as principal, given in the case of Bradley and others against Mark Young and others, in case No. 3153, in equitju
In that case a decree rvas rendered on the 19th day of June, 1877, against the defendant, Mark Young, for the pajunent of a sum of money exceeding $10,000, and also giving other relief specifically. On the 20th of July, 1877, after the expiration of the term, a supersedeas bond, conditioned in the usual form of supersedeas bonds, to answer all damages as well as costs, was tendered to Mr. Justice Humphreys, executed by Mark Young and Abraham H. Herr, in a penahy of $5,000, which bond was ap *615 proved, and was filed on the 20th of July, 1877. On the 24th of July, 1877, notice was given of a motion to vacate the approval of this bond, and on the next day Mr. Justice Humphreys, at chambers, passed the following order:
“Ordered, this 25th day of July, 1877, that the penalty of the appeal bond in this case be increased to $20,000 within ten days from the date hereof.”
The bond upon which this suit was brought was then executed under this order of Mr. Justice Humphreys, in. the additional sum of $15,000, and purported to be signed and executed by Mark Young, R. O. Hewett, S. O. McDowell, and W. M. Galt, and on the 1st of August, 1877, it was approved by Mr. Justice Humphreys and filed.
The original case went to the' Supreme Court, and the defendant, Young, failing to prosecute his appeal with effect, this action was brought against two of the sureties, it turning out that one of them, McDowell, never, in fact, signed the bond, and .that his signature was either forged or put there without authority.
There are several defenses to the action.
One is that after the first appeal bond was approved and filed, the powers of the justice over this subject had been exhausted, as the case had then been transferred by appeal to the Supreme Court, and was thenceforth within the jurisdiction of that court, and any proceedings in the court below, or by a justice at chambers, was a mere nullity, and consequently the bond itself is inoperative and void.
In order to appreciate this defense, it becomes necessary to ascertain in what stage of the case it is transferred by appeal to the Supreme Court, so that that court can determine any question thereafter arising, especially such a question as the sufficiency of an appeal bond which results in supersedeas of the decree rendered below. As this is a question of practice, we are to consult the decisions of the Supreme' Court on this subject. Going back toT6 Howard, at page 135, we find the case of Stafford against the Union *616 Bank of Louisiana. In that case, an appeal was taken from a decree of the District Court of Texas, pending a term of the Supreme Court. The district judge had taken an insufficient bond. In the court below a motion had been made to dismiss the allowance of appeal, because the security was insufficient for a supersedeas. The motion in the Supreme Court was first for a procedendo commanding the district judge to execute the decree, and also to dismiss the appeal. The Supreme Court overruled both of these motions, but suggested, as a proper remedy for the difficulty, a mandamus to the judge below, to be applied for on motion, commanding him to execute the decree. A mandamus was applied for and that came before the court in the same case in 17 Howard, 275. A mandamus was issued to the district judge, and he made a return, that as he had taken a bond, etc., the case was removed from liis court, and he had no longer jurisdiction to make any order in the cause. The Supremo Court says:
“It was the duty of the judge in allowing the appeal, to take security on the appeal in the sum decreed, and not having done so, the appellant was not entitled to a supersedeas of any process necessary to carry the decree into effect, and the judge was bound to issue it on the application of the plaintiff. The court, therefore, order that a peremptory mandamus issue commanding the judge forthwith to carry the decree into effect.”
It will be observed here that the court do not intimate that upon the failure of the judge to take a proper appeal bond in the first instance, a further application should be made to him to order a new bond, but they themselves undertake to direct the execution of the decree in default of a proper supersedeas bond.
In the case of Ex parte Milwaukee Railroad Co., 5 Walace, 188, a decree was rendered for the sale of mortgaged property. An appeal was prayed and allowed. The district judge below, however, refused to approve the bond
*617 tendered to him, the sureties of which were not residents; so that the only proceeding in the case, and the one brought to the Supreme Court was the appeal and the allowance. Then a motion was made to the Supreme Court for a mandamus to compel the district judge to approve the bond and allow a supersedeas. The court in that case said:
“ This case being properly in this court by appeal (there being nothing but the appeal and the allowance), we have a right to issue any writ necessary to render our appellate jurisdiction effectual.”
Thereupon, doubting whether they had a right to issue a mandamus, and thereby control the discretion of the district judge as to approving the bond, they ordered a supersedeas on the filing of a proper bond within thirty days.
The next case to be referred to is that of the Rubber Company against Goodyear, in 6 Wallace, at page 156. In that case a motion was made to reduce the penalty of an appeal bond. The court says:
“ In equity cases the appellate jurisdiction of this court attaches upon the allowance of the appeal. The question of the sufficiency (of the appeal bond) must be determined in the first instance by the judge who signs the citation, but after the .allowance of the appeal, this question, as well as every other in the cause, becomes cognizable here.”
In the case of Edmonston vs. Bloomshire, in 7 Wall., 306, the appeal was not followed up by filing the record at the term to which it was prayed, and it being filed at a subsequent term, the court, of its own motion, dismissed the appeal for want of jurisdiction, and said:
“ The prayer for appeal and the order allowing it constituted a valid appeal. The bond was not essential. It could have been given here. The bond may be given with effect while the appeal is alive.”
Of course every appeal expires with the term to which it is prayed.
The next case is found in 12 Wallace, 86, that of French *618 vs. Shoemaker. That was a case of a motion to dismiss an appeal because the bond was insufficient to operate as a supersedeas, and on the other hand a motion was made for a supersedeas. The court says:
“ What is necessary is, that it (the bond) be sufficient and, when it is desired to make the appeal a supersedeas, that it be filed within ten days from the rendering of the decree, and the question of sufficiency must be determined in the first instance by the judge who signs the citation, but after the allowance of the appeal, that question, as well as every other in the cause, becomes cognizable here. It is, therefore, matter of discretion with the court (here) to increase or diminish the amount of the bond and to require additional securities or otherwise as justice may require.”
It has been urged in argument that the citation of the judge below is necessary to transfer the case to the Supreme Court so as to give it jurisdiction over further proceedings in the case. Some language rather looking in that direction .was used by the court in one or two cases. In the case of Sage vs. Railroad Co., 96 United States Reports, 712, a supersedeas writ had been rejected by the court below, but bonds were afterwards approved in vacation. A motion was made in the Supreme Court to vacate the supersedeas. There the court said:
“Whenever security for an appeal is accepted during the term, an appeal is allowed. If the security is taken out of court, a citation should be issued to bring in the parties, unless they appear voluntarily; for until the security is accepted the allowance of the appeal cannot be said to have been perfected. Whoever can sign a citation may allow an appeal.”
In the case of the National Bank vs. Omaha, in the same volume, at page 737, the court says:
“We have decided in Sage vs. Railroad Company that if the security is not taken until after the term® a citation should be issued.”
*619 'These Cases are explained and the proposition apparently approved is modified in subsequent cases. Thus, in the case of Peugh vs. Davis, 110 United States, page 227, it appears that a decree had been rendered on the 30th of October, 1882. An appeal was prayed and allowed but no bond was filed until May, 1883, and then Mr. Justice Miller granted a supersedeas, took security and signed a citation. In the Supreme Court a motion was made to vacate the supersedeas because no appeal was perfected in sixty days, and the court said:
“In Edmonston vs. Bloomshire, 7 Wallace, it was decided that a prayer for an appeal made in open court and an order allowing it constituted a valid appeal. Under such circumstance it becomes the judicial act of the court in session, and the bond is not essential to the taking of the appeal though it may be to its prosecution.
“We decided in Railroad Company vs. Blair, 100 U. S., that if an appeal was allowed during the term at which the decree was entered,- and the bond not executed until after the term, a citation was'necessary; but that related only to procedure under the appeal and is not in conflict with former decisions as to the effect of an allowance of an appeal by the judicial act of the court in session.”
Again, in Dodge vs. Knowles, 114 U. S., 430, 438, where it appeared that the final decree was rendered on February 23, 1881, and appeal was prayed and allowed and security was not taken until November, 1881 — after the expiration of the term — and there was no citation at all, but the appeal was docketed in the Supreme Court on November 11,1881, and a motion was made to dismiss the appeal, the court said:
“The allowance of the appeal by the court in session at the term at which the decree was made, constituted a valid appeal of which the appellee was bound to take notice. The docketing of the cause in time perfected the jurisdiction of the Supreme Court. The giving of a bond was not *620 essential to the taking though it was to tho due prosecution of the appeal. It was furnished and accepted before the docketing. Had this not been done, leave would have been given to the appellant to supply the omission before dismissing the appeal, as decreed in Peugh vs. Davis, 110 U. S.”
It has qlso been decided that if an appeal was allowed in open court during the term of the decree, a citation was required as a matter of procedure, if the security was not furnished until after the term. But in Railroad Co. vs. Blair, 100 U. S., 662, it was said: “Still an appeal, otherwise regular, would not probably be dismissed absolutely for want of a citation if it appeared that the allowance was made in open'court at the proper term, and the appellee had notice of what had been done. The citation is intended as a notice. The judicial allowance of an appeal in open court is notice sufficient of the taking of the appeal, and the security is only for due prosecution. If it is taken out of court, citation is necessary only to shoiv that an appeal allowed in term has not been abandoned by the failure to furnish security. It is not jurisdictional. If by accident it is omitted, the motion to dismiss is not granted until opportunity is given to give the requisite notice. Here, before final hearing, notice was given to the appellee of the appeal by order of the Supreme Court, and that re-argument was desired,” &c.
The same language, in substance, is repeated in the case of Hewitt against Filbert, in 116 United States Reports.
The summing up under this head is:
First. The allowance of the appeal makes it a valid one, and the appellate jurisdiction of the Supreme Court attaches upon said allowance.
Second. A citation is not necessary to such jurisdiction where the appeal is prayed in open court.
Third. Even a bond is not necessary to the jurisdiction.
Fourth. The court or judge in vacation who accepts the security must determine on its sufficienc}’- in the first instance, but after he has once done so, this question, and *621 any other that may arise, is cognizable in the Supreme Court.
Fifth. A bond which is not sufficient for a supersedeas is nevertheless sufficient to sustain the appeal and prevent its dismissal, so as to leave the case within the jurisdiction of the appellate court.
The question then arises, was the jurisdiction of the Supreme Court over the question of sufficiency exclusive? The authorities to which I have referred have said that the question was cognizable in the Supreme Court after the appeal was made and was allowed. We can conceive a case to be in the Supreme Court and in this court too, at the same time, for different purposes. It may be in the Supreme Court for the purpose of hearing an appeal from a decree which is not superseded by the appeal, and at the same time here for the purpose of executing the decree. But we cannot conceive a case to be made there and here at the same time for the same purpose, so that each court may determine the same question, because if. each court may determine the same question it may execute its'own decree, and they might execute conflicting decrees, which would be absurd. Whenever the point is reached that the Supreme Court has power to determine a question like this, then its power must be exclusive, and this seems to be held in the case of Draper vs. Davis, 102 United States, 370.
There an appeal was prayed and allowed, and a bond in the sum of $1,000 was approved as a supersedeas bond, and the citation was signed by one judge. The same judge afterwards becoming satisfied that the bond was insufficient, ordered an additional bond to be filed in penalty of $3,000, and such a bond was tendered to him and refused. ' Thereupon a motion was made in the Supreme Court for a supersedeas. The court said:
“ When the original bond of one thousand dollars was accepted by the justice and the citation signed, ail appeal was allowed and security taken, which operated as a supersedeas. *622 That transferred the jurisdiction of the suit appealed to this court. The power of the justice over the appeal and the security was exhausted, in the absence of fraud, when he took the security and signed the citation. From that time the control' of the supersedeas, as well as the appeal, was transferred to this court.”
Now, in the present case, the bond tendered in the sum of $5,00Q was tendered as a supersedeas bond. It was approved and executed as such, and that constituted an allowance of a supersedeas by a judge, which arrested all further proceedings in the way of executing the decree until at least that proceeding should be reversed by appropriate judicial-action. The only difference between that case and this is that there the judge had signed a citation, but, as I have already shown by the later case, the signing of the citation was entirely unnecessary to the jurisdiction of the appellate court, but was merely a matter of procedure to bring the parties in.
A somewhat- similar question was decided in the case of Keyser vs. Farr, in 105 United States, 265. There the appeal was allowed, and the bond fixed and the record filed in the Supreme Court during the same term. Afterwards a motion was made in the court below for further security, and a-motion made in the Supreme Court to restrain the court below. The court says:
“After the acceptance of the bonds for the appeal and the docketing of the cause in this court, the jurisdiction of the court below was gone. From that time the suit was cognizable only in this court.”
They had previously decided, in Goddard vs. Ordway, 161 United States, 745, that the court below might, at the same term at which the appeal was allowed, vacate the allowance, but they said in this case, the record having been carried up, then that power was gone, and the court below had exhausted its jurisdiction. .They did recognize, as I have stated, the power of the court below to vacate a supersedeas *623 during the same term at which it had been allowed, but they never recognized the power of a judge at chambers to vacate a supersedeas once allowed, either by the court or by himself.
Now, therefore, according to the clear ruling of the Supreme Court, after a supersedeas bond has been tendered or accepted, either in court or by a justice, the jurisdiction of the court has expired, and the power of the justice over that subject is entirely exhausted, and no motion.can be made except to the Supreme Court with reference to the sufficiency of a supersedeas bond.
It has been suggested, however, that although the justice had no jurisdiction over this subject, the bond which was tendered by the defendants might be treated as a voluntary bond, an obligation which they voluntarily assumed, and which was none the less binding upon them; and the case has been likened to those cases in the books in which parties about to enter upon the duties of a public office are required to give bond, although the statute did not require any bond at all to be given. Such bonds have been held as binding, notwithstanding the omission of the law to require them to be given. There was such a case reported in 5 Peters. The language of the court there was, that it was incident to the powers that devolve upon the Department by law, to exact bonds from officers charged with the custody of public funds of the United States, or’ having them specially in their custody, and there is no objection to them legally or morally, and the defendants, therefore, were held bound by such bond, notwithstanding the fact that ¿0 law provided for them.
The difficulty in this case is that, according to the ruling of the Supreme Court, the justice here had no jurisdiction at all.
He had no right either to order or accept, or order to be filed, a supersedeas bond, which gave it any operation in the case at all. Having no authority to do this, the case *624 must be looked at as if no acceptance had taken place, and no bond had been taken or approved, and in the absence of such acceptance, there is an absence also of what the law requires, as to all sealed obligations, viz., a delivery. The bond was never delivered so as to go into operation at all.
In the case in 107 United States, 378, of Kountze vs. Omalia Hotel Company, it appeared that the court below had exacted a bond with a condition wider than the law authorized, and the Supreme Court held that the justice had no right to exact a bond in that form, and that as to the excess the bond was simply void. And so, it seems to us here, that the judge had no authority to approve or accept the bond, and that the bond and the whole of the proceedings are a mere nullity. Of course, as this point is conclusive of the -whole case, it is not necessary for the court to examine the other questions presented by counsel, however interesting they may be, and we do not desire to commit ourselves upon them.
The result is, that the motion for a new trial must bq sustained.