Mr. Justice MILLER
 

 delivered the opinion of the court.
 

 In the cases of
 
 Villabolos
 
 v.
 
 United
 
 States, and
 
 United States
 
 v.
 
 Curry,
 
 decided at the December Term, 1847, and especially in the latter case, it was held, on full consideration, that.whether a case was attempted to be brought to this court by writ of error, or appeal, the record must be filed before the end of the term next succeeding the issue of the writ or the allowance of the appeal, or the court had no jurisdiction of
 
 *310
 
 the case. This was repeated in the
 
 Steamer Virginia
 
 v.
 
 West,
 

 *
 

 Mesa
 
 v.
 
 United
 
 States,
 
 †
 
 and
 
 United States
 
 v.
 
 Gomez.
 

 ‡
 

 In
 
 Castro
 
 v.
 
 United States,
 

 §
 

 the same question was raised. The importance of the .ease, together with other considerations, induced the court to consider the matter again at some length. Accordingly, the present Chief Justice delivered an opinion, in the course of which the former cases are considered and the ground of the rule distinctly stated.
 

 Other cases followed that, and iu
 
 Mussina
 
 v.
 
 Cavazos,
 
 decided at the last term, the whole doctrine is again reviewed, and the rule placed distinctly on the ground that this court has no jurisdiction of the case unless the transcript be filed during the term next succeeding the allowance of the appeal. The intelligible ground of this decision is, that the writ of error and the appeal are the foundations of our jurisdiction, without which we have no right to revise the action of the inferior court; that the writ of error, like all other common law writs, becomes
 
 functus officio
 
 unless some return is made to it during the term of court to which it is return able; that the act of 1803, which first allowed appeals to this' court, declared that they should be subject to the same rules, regulations, and restrictions, as are prescribed in law, in writs of error. These principles have received the unanimous approval of this court, and have been acted upon iu a large number of cases not reported, besides several'reported cases not here mentioned. And the court has never hesitated to act on this rule whenever it has appeared from the record that the case came within it, although no motion to dismiss was made by either party. In fact, treating it as a matter involving the jurisdiction of the court, we cannot do otherwise.
 

 In the case of
 
 United States
 
 v.
 
 Curry,
 
 Chief Justice Taney, answering the objection that the rule was extremely technical, replied, that nothing could be treated by this court as merely technical, and for that reason be disregarded, which
 
 *311
 
 was prescribed by Congress as the mode of exercising the court’s appellate jurisdiction.'
 
 We
 
 make the same observavation now, and add, that it is better, if the rule is deemed unwise or inconvenient, to resort to the legislature for its correction, than that the court should depart from its settled course of action for a quarter of a century.
 

 We'are of opinion that the present case falls within the principle of these decisions. The only appeal that this record shows to have been either asked for or allowed, was that of May 26,1860. The transcript was not filed during the term next succeeding the allowance of this appeal, nor until January, 1866.
 

 Two grounds are assigned as taking the case out of the rule we have stated.
 

 1. It is said that the appeal of 1860 was not perfected until the bond was given under the order of November 14, 1865, and that until this was done there was in fact no appeal which required the transcript to be filed.
 

 The answer to this is, that the prayer for the appeal, and the order allowing it, constituted a valid appeal. The bond was not essential to it. It could have been given here, and cases have been brought here where no bond was approved by the court below, and the court has permitted the appellant to give bond in this court.
 
 *
 
 In the case of
 
 Seymour
 
 v. Freer,
 
 †
 
 the Chief Justice says, that if, through .mistake or accident, no hond or a defective bond had been filed, this court would not dismiss the appeal, but would permit a bond to be given here. And in all cases where the government is appellant, no bond is required. It is not, therefore, an indispensable part of an appeal that a bond should be filed; and the appeal in this case must be held as taken on the 26th day of May, 1860.
 

 It is insisted that this view is in conflict with the case of
 
 The Dos Hermanos.
 

 ‡
 

 We
 
 do not think so. While the argument of counsel on the merits in that ease is fully re
 
 *312
 
 ported, we have nothing from them on the motion to dismiss. The opinion-of the court states that the question made was whether the' appeal was in due time, and this is answered by saying, it was prayed and allowed within five years from the date of the decree. The appeal was, therefore, taken in due time. It is further said, that the fact that the bond was given after the expiration of the five years, did not vitiate the appeal. This is in full accord with what we have just stated. The bond may be given with effect at any time while the appeal is alive. There is no question made in the present case about the appeal being taken within time. It was taken in time. But the record was not filed in the court in time to save the appeal; and that question was not made or thought of in the Dos Hermanos case. • It is perfectly consistent with all that we know of that ease, and, indeed, probable, that, though the taking of the appeal was delayed until near the expiration of the five years, ,g.nd filing the bond until after that period, the transcript was filed at the next'term after the appeal was taken.
 

 2. It is next insisted'that a new appeal was taken by the proceedings of the 14th November, 1865.
 

 This, however, is in direct contradiction of the record. The petition of appellants, after reciting the former decree and the order allowing the appeal of May 26, 1860, and the death of some of the plaintiffs in the suit, and that no appeal-bond had been given, concludes as follows": “Your petitioners now appear, and pray your honors to .allow them to become parties to said appeal, and to perfect the same by now entering into a bond for the appeal.” And the order made is, “ that said petitioners have leave to perfect said appeal, so allowed at the June Term, 1859, of this court, by giving bond, &c.” The only appeal referred to in- the petition, or the order of the court, is the appeal allowed May, 1860, and no language is used in either which refers to a new appeal, or which is consistent with such an idea.
 

 It is true that the citation speaks of the allowance of the appeal as obtained at the October Term, 1865, but this recital •does not prove that an appeal was then allowed, when it
 
 *313
 
 stands unsupported by the record. Still less'can it be permitted to contradict what the record states to’ have been done on that subject, at that time.
 

 In the ease of
 
 United States
 
 v.
 
 Curry,
 
 the same facts almost precisely were relied on as constituting a second appeal, that exist in this case, including the misrecital in the citation. But the court says, “that after very carefully considering the order, no just construction of its language will authorize 'us to. regard it as a second appeal. The citation, which afterwards issued in August^ 1847, calls this order an’appeal, and speaks of it as an appeal granted on the day it bears date. But this description in the citation cannot change the meaning of the language used in the order.” That is precisely the case before us, and we think the ruling a sound one.
 

 The appeal must, for these reasons, be dismissed. But, we may add, that for anything we have been able to discover in this record, the appellant's have the same right now, whatever that may be, to take a new appeal, that they had in November, 1865, when the unsuccessful effort was made to revive the first one.
 

 *
 

 19 Howard, 182.
 

 ‡
 

 1 Wallace, 690.
 

 †
 

 2 Black, 721.
 

 §
 

 3 Wallace, 46.
 

 *
 

 Ex parte Milwaukee Railroad Company, 5 Wallace, 188.
 

 †
 

 5 Wallace, 822.
 

 ‡
 

 10 Wheaton, 306.