TERRY *v.* ABRAHAM ET AL.

1. Where an appellant obtains an order of severance in the court below, and does not make parties to his appeal some of the parties below who are interested in maintaining the decree, he cannot ask its reversal here on any matter which will injuriously affect their interests.
2. When an appellant seeks to reverse a decree because too large an allowance was made to the appellees out of a fund in which he and they were both interested, he will not be permitted to do so when he has received allowances of the same kind, and has otherwise waived his right to make the specific objection which he raises for the first time here.

APPEAL from the Circuit Court of the United States for the Southern District of Georgia.

The case was argued by *Mr. H. Terry* for the appellant, and by *Mr. A. T. Akerman* for the appellees.

MR. JUSTICE MILLER delivered the opinion of the court.

On the twelfth day of July, 1869, Harvey Terry, the appellant, filed his bill in the Circuit Court for the Southern District of Georgia against the Merchants'. and Planters' Bank and Hiram Roberts. The bill purported to be brought in behalf of plaintiff and all others in like condition with himself who would unite and contribute to the expenses of the proceeding. It sets out, as the foundation of plaintiff's rights, that he is the owner and holder of a considerable amount of the circulating notes of the bank; that the bank, since 1866, has been insolvent, and refused to redeem its bills; and that, on the eighteenth day of July of that year, it had made to Hiram Roberts, the other defendant, a general assignment of its effects for the benefit of its creditors. This assignment is set out in full as an exhibit to the bill.

It is alleged that Roberts has wholly failed to execute the trust; and the relief sought is, that a receiver may be appointed, who shall take charge of the property so assigned, and who shall administer and close up the affairs of the trust, and distribute the effects among the creditors, as they may be found justly entitled.

A receiver was appointed in accordance with the prayer of the petition, with directions to take possession of the assets of the bank, and to collect its debts; and a master was appointed

to ascertain and report the names of all the creditors entitled to share in the fund, and the amount to be distributed to each of them.

It is on the exceptions taken by the appellant to this report that the only questions arise which this court can notice. There are seven of these exceptions, the second and third of which alone relate to allowances made by the master to creditors, represented by Stone and Akerman, as attorneys in the case. The other exceptions relate to allowances in favor of other creditors, who are not parties to this appeal. The appellant, in taking his appeal, expressly limited it to the creditors represented by Stone and Akerman, and procured an order of severance as to the others, and the allowance of the appeal as between appellant and those parties alone. Conceding the appeal to be good as to these parties, and the issues between them (which is a little doubtful), it is very clear that no modification of the decree can be had here to the prejudice of those who were parties below and are not parties here.

This principle disposes also of the alleged error of the court in refusing to allow a reasonable compensation for services of plaintiff's attorney, to be paid out of the general fund before distribution. As appellant had instituted the suit, and carried it on at his own expense, until he procured a decree for distribution of a large fund, in the benefit of which all the creditors participated, we see no good reason why the fund thus realized and distributed should not have been chargeable with the expense incident to the proceeding.

But there may have been a good reason for it; and, if the creditors who shared in the distribution were here as parties, they might be able to sustain the action of the court below. At all events, as no order on the subject could now be made without disturbing their rights under the decree, and as appellant has not thought proper to bring them here, the decree cannot be changed on that subject.

The third exception, which relates to the parties represented by Stone and Akerman, questions an allowance of interest on their claims. The sufficient answer to this is, that appellant claimed and received interest on his claims in precisely the same manner, which made these parties equal in the matter, and

which estops appellant from •alleging the action of the court to be error.

The second exception is founded on the allegation contained in it, that the creditors represented by Stone and Akerman, whose claims to the amount of $832,115.76 had been allowed, had, after the assignment, collected from the stockholders of the bank, by legal proceedings, the sum of $197,672 " in the aggregate; " and he raises two points on this part of the master's report: 1st, That these parties should have been allowed nothing at all out of the fund now in court. 2d, That they should have only been permitted to share in the fund after all the other creditors had been made equal by receiving as much in proportion as these had collected by law.

There are several reasons why these exceptions cannot be sustained here. One of these is, that the sum mentioned as realized by the twenty-three creditors represented by Stone and Akerman is stated in the aggregate; and there is no averment of the amount received by each creditor, or that in point of fact each one of the twenty-three received a part of this sum. It is perfectly consistent with the language of the exception that one or two or three of the claimants represented by these attorneys received the whole amount mentioned.

Another objection is, that the record shows that appellant himself had in like manner proceeded at law, and had collected a considerable sum, just in the same manner as these creditors had; and if their action debarred them from any benefit of the trust funds, he was in like manner debarred, and has no standing in court.

Again: though the exception alleges that the money so made by these creditors was realized out of the unpaid stock, by which is probably meant that part of the stock subscribed for and not paid in, the record leaves it in doubt whether it was not collected of stockholders on account of the personal liability which the statute imposed on the shareholder outside of his liability to pay on the stock actually subscribed, with a strong probability that the statutory liability was the principal source of the money so collected.

We are of opinion that the assignment did not carry this statutory liability to the assignee, and that is the purpose of

this bill was to enforce the assignment, and nothing else, the amount received from other sources had no other effect on the rights of creditors than to diminish the amount of their debts on which the dividend was to be estimated.

A circumstance quite as strong against the appellant is, that, though he had, as plaintiff, the control of the management of this suit, he took no steps to have the unpaid stock collected, had no order made for its payment by the shareholders, nor any directions to the receiver to enforce its payment. No other creditor took any step in that direction. Neither the receiver, the other creditors, nor the appellant, have in any manner, up to the argument in this court, looked to that source as part of the fund to be distributed under this assignment.

Under all these circumstances, we hold, that, if any right to collect this unpaid stock passed to the assignee, of which there is great doubt, the parties to this suit have waived and abandoned that right, and the appellant cannot now set it up to reverse this decree.                    *Decree affirmed.*