# MATTINGLY *v.* NORTHWESTERN VIRGINIA RAILROAD COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF WEST VIRGINIA.

No. 140. Submitted March 14, 1895. — Decided April 15, 1895.

The petition for removal in this case was insufficient because it did not show of what State the plaintiff was a citizen at the time of the commencement of the action.

The appeal in this case having been taken prior to the passage of the act of March 3, 1891, c. 517, 26 Stat. 826, is not governed by that act, although the citation was not signed till April 14, 1891, and not served until April 17.

Neither signing nor service of citation is jurisdictional.

When the record fails to affirmatively show jurisdiction, this court must take notice of the defect.

As this case was improperly removed from the state court, this court reverses the decree, remands the cause with direction to remand it to the state court, and subjects the party on whose petition the case was removed to costs in this and the Circuit Court.

THIS was a bill in equity filed by the decedent, William H. Mattingly, against the Northwestern Virginia Railroad Company, the Parkersburg Branch Railroad Company and the Baltimore and Ohio Railroad Company, in the Circuit Court for the county of Wood, State of West Virginia. The bill alleged the execution of two deeds of trust or mortgages by the Northwestern Virginia Railroad Company on all its property, present and after acquired, bearing date March 21, 1853, the first running to the city of Baltimore to secure the payment of $1,500,000 of twenty-year bonds, guaranteed by the city; and the second to the Baltimore and Ohio Railroad Company to secure the payment of $1,000,000 twenty-year bonds, guaranteed by the last-named company; and that, after the execution of a third mortgage, the mayor and city council of Baltimore conveyed and assigned all the rights of the city in the first mortgage to the Baltimore and Ohio Railroad Company. The bill further averred that a third mortgage was given by the Northwestern Virginia Railroad Company January 1, 1855, to one James Cook to secure certificates of loan and indebtedness with coupons attached, not exceeding two million dollars, and that the complainant was the owner and had in his possession ten of said third mortgage bonds which were for the sum of $500 each, with coupons attached of $15 each, payable semi-annually; that there was then due and unpaid on each of the bonds eighteen coupons of $15 each, making due on each bond $270 and a total sum of $2700. It was further alleged that on February 15, 1865, the property of every kind and description belonging to the Northwestern Virginia Railroad Company was sold by the mayor and city council of Baltimore at auction under the first mortgage, and conveyed, April 3, 1865, to the Baltimore and Ohio Railroad Company by the name of the Parkersburg Branch Railroad Company, and that, for reasons assigned, said sale was null and void, and the conveyance passed no title, and should be cancelled and annulled. It was also averred that December 21, 1857, the Northwestern Virginia Railroad Company gave to James Cook a deed of trust conveying certain debts due to it, and also certain specified parcels of real estate in Wood and other counties, to secure

a certain indebtedness, with power of sale in the trustee for payment of the indebtedness; and that on March 24, 1865, James Cook, trustee, conveyed the lots of land specified in this deed to the Baltimore and Ohio Railroad Company as purchaser at a sale thereunder, which transaction complainant charged was void, and, if valid, that the vendee took the real estate subject to the prior mortgage. The bill prayed that the conveyance by Cook to the Baltimore and Ohio Railroad Company of March 24, 1865, and the conveyance by the mayor and city council of Baltimore to the company of April 3, 1865, might both be set aside, and that the foreclosure of the third mortgage might be decreed and a sale of all the property of the Northwestern Virginia Railroad Company and the distribution of the proceeds of the sale as equity might require.

The answer of the Baltimore and Ohio Railroad Company was filed September 7, 1870, and insisted upon the validity of all the mortgages and deeds of trust and sales thereunder, and denied that complainant was entitled to any relief. On January 23, 1879, the Baltimore and Ohio Railroad Company filed its petition in the state court for the removal of the cause to the Circuit Court of the United States, and therein alleged that petitioner, "the Baltimore and Ohio Railroad Company, a corporation created and existing under and by virtue of the laws of the State of Maryland, respectfully shows that it is one of the defendants and the principal one in the foregoing suit, and that the same was commenced in the year 186– by said plaintiff in the said court; that your petitioner was at the time of bringing the said suit and still is such corporation and, as such, a citizen of the State of Maryland and a resident thereof. Your petitioner further shows that there is and was at the time said suit was brought a controversy therein between your petitioner and the said plaintiff, William H. Mattingly, who is a citizen of the State of West Virginia and resident thereof."

The state court accepted the bond tendered on removal and ordered that all further proceedings in the cause be stayed, and that the court should proceed no further therein, where-

upon a transcript of the record was filed in the Circuit Court of the United States for the District of West Virginia, at Parkersburg, on February 11, 1879. The cause was there heard and decree was rendered July 10, 1889, dismissing the bill for want of equity, with costs, whereupon, on January 2, 1891, the complainant prayed an appeal to this court, which was allowed on complainant giving bond, which appeal bond was filed January 7, 1891, and duly approved on January 13, 1891. Citation was signed April 14, and service accepted April 17, 1891. A motion was made by the Baltimore and Ohio Railroad Company in this court to dismiss the appeal for want of jurisdiction, because the value of the matter in dispute did not exceed five thousand dollars exclusive of costs, and the cause was submitted on that motion and on briefs on both sides.

*Mr. W. L. Cole* for appellant.

*Mr John A. Hutchinson* for appellee.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

The petition for removal was insufficient, as has been repeatedly determined, because it does not show of what State the plaintiff was a citizen at the time of the commencement of the action. *Stevens* v. *Nichols*, 130 U. S. 230; *Jackson* v. *Allen,* 132 U. S. 27; *La Confiance Compagnie* v. *Hall,* 137 U. S. 61; *Kellam* v. *Keith,* 144 U. S. 568.

The final decree was entered July 10, 1889, and the appeal allowed January 2, 1891, and bond was given and filed in accordance with the order of allowance and approved January 13, 1891. The appeal having thus been taken prior to the passage of the act of March 3, 1891, is not governed by that act. It is true that the citation was not signed until April 14, 1891, and not served until the seventeenth of the month, but neither the signing nor the service of the citation was jurisdictional, its only office being to give notice to the appellees. *Jacobs* v. *George,* 150 U. S. 415.

By the act of February 25, 1889, c. 236, 25 Stat. 693, it was provided " that in all cases where a final judgment or decree shall be rendered in the Circuit Court of the United States in which there shall have been a question involving the jurisdiction of the court, the party against whom the judgment or decree is rendered shall be entitled to an appeal or writ of error to the Supreme Court of the United States to review said judgment or decree without reference to the amount of the same ; but in cases where the decree or judgment does not exceed the sum of five thousand dollars the Supreme Court shall not review any question raised upon the record except such question of jurisdiction." Although it does not appear that the question of jurisdiction was raised in the court below by any plea or motion, yet as the record failed to affirmatively show jurisdiction, this court must take notice of the defect. *Chapman* v. *Barney*, 129 U. S. 677; *Denny* v. *Pironi*, 141 U. S. 121; *Roberts* v. *Lewis*, 144 U. S. 653 ; *Northern Pacific R. R. Co.* v. *Walker*, 148 U. S. 391.

If the question of jurisdiction had been raised, the cause might have been brought to this court under the act of February 25, 1889, without reference to the amount in controversy, and as it is apparent upon the record that jurisdiction was lacking we cannot dismiss the case upon the ground that the amount involved was less than the jurisdictional sum, even if we were of opinion that such were the fact, for although the question was not raised, it was necessarily involved.

The result is that the decree must be

*Reversed and the cause remanded to the Circuit Court with a direction to remand it to the state court, the costs in this and the Circuit Court to be paid by the Baltimore and Ohio Railroad Company, upon whose petition the case was removed.*