The opinion of the court was delivered by
Blanchard, J.
Plaintiff, a citizen of Arkansas, brings this action against defendant, alleged to be a corporation organized under the laws of the States of Arkansas and Missouri, carrying on the business of common carrier, from Little Rock, Arkansas, to Alexandria, Louisiana.
The cause of action was the killing of plaintiff’s son in the wreck of a freight train on defendant’s road within the limits of Grant parish, in April, 1897. The person killed was employed as brakeman. The suit was filed in Grant parish and damages laid at thirty thousand dollars.
Defendant immediately filed an application for removal of the cause to the Circuit Court of the United States for the Western District of Louisiana.
The petition for removal states that the controversy is wholly between citizens of different States; that defendant corporation was and still is a citizen of Missouri, while plaintiff was and is a citizen of Arkansas.
The District Judge granted the order of removal and plaintiff takes this appeal therefrom.
The question presented is: Is this a cause removable to the Circuit Court as a controversy between citizens of different States?
The case as made by the complaint, and as it stood at the time the *1702 petition for removal was filed, is the test of the right to remove. Graves vs. Corbin, 132 U. S. 571.
And on the filingof the removal petition, the only question for the State court is whether, on the face of the record, the petitioner is entitled to removal. Stone vs. South Carolina, 117 U. S. 430; 122 U. S. 513; 138 U. S. 298; 42 An. 53.
When a suit is sought to be removed by a corporation on the gx-ound of citizenship, the petition for removal, or pleadings, should show not only that the corporation is a citizen of another State, but that it is not a citizen of the State where the suit is brought, or of the State of which plaintiff is a citizen. 42 Fed. Rep. 803; 46 Fed. Rep. 577; 41 Fed. Rep. 571.
And a case is not removable on such ground unless that at the commencement of the action, and also when the removal is asked, the defendant was a citizen of another State than the one in which the plaintiff was and is a citizen. Stevens vs. Nicholls, 130 U. S. 230; Kellam vs. Keith, 144 U. S. 568; 158 U. S. 53.
Corporations are citizens and residents of the State under the laws of which they were created. 32 Fed. Rep. 673.
And they are treated, for purposes of jurisdiction or removal, as citizens of the State under whose laws they are organized. A. and E. Ency. of Law, Vol. 20, p. 993; Desty, Removal of Causes, p. 65.
The petition of complainant avers the organization of defendant corporation under the laws of both Arkansas and Missouri. No specific denial of this appears in the petition for removal, and in defendant’s brief it is stated as a fact that defendant corporation was formed'by the consolidation of companies originally chartered by the States of Louisiana, Arkansas and Missouri. This makes the consolidated company, for all purposes in the State or Federal courts, a citizen of each of those States. Fitzgerald vs. Mo. Pac. R. Co., 45 Fed. Rep. 815.
It is a matter of judicial record that the Cairo & Fulton Railroad Company was incorporated by act of the Legislature of Arkansas, in 1853; that the St. Louis & Iron Mountain Railroad Company was organized under the laws of the State of Missouri; that in 1874 a consolidation of these companies took place under the name of the St. Louis, Iron Mountain & Southern Railway Company (defendant herein), which became a new corporation; and that this consolida *1703 tion was consummated under permission of the laws of both States. See case of St. Louis, Iron Mountain & Southern Ry. Co., vs. Berry, 113 U. S. 475.
Referring to this consolidation the Supreme Court of the United States in that case declared that when the new corporation came into existence it did so “ as a corporation of Arkansas, in pursuance of its Constitution and laws, and subject in all respects to' their restrictions and limitations.”
In the Fitzgerald case, supra, it was said of the consolidation of the companies therein mentioned that “ by the consolidation the corporation of one State did not become a corporation of another, nor was either merged in the other.. The corporation of each State had a distinct legislative paternity, and the separate identity of each as a corporation of the State by which it was created, and as a citizen of that State, was not lost by the consolidation.” And it was held that the consolidated company was conclusively presumed to be a citizen of each of the States whose laws contributed to its formation, must answer to the courts and be amenable to the laws of each State respectively as a corporation thereof. See also Chicago, etc., R. R. Co. vs. Lake Shore, etc., R. R. Co., 10 Biss. (U. S.) 122; Pacific R. R. Co. vs. Mo. Pac. R. R. Co., 5 McCrary (U. S.), 373; Cohn vs. Louisville R. R. Co., 39 Fed. Rep. 227; Home vs. Boston & M. R. R. Co., 62 N. H. 454; Paul vs. Baltimore, etc., R. R. Co., 44 Fed. Rep. 513; Guinault vs. L. & N. R. R. Co., 41 La. An. 571; 136 U. S. 356; 18 Fed. Rep. 50; 22 Fed. Rep. 561; 94 U. S. 444; 13 Wall. 271; 1 Black. (U. S.) 286.
Defendant corporation may be a citizen of the State of Missouri as set forth in the petition for removal, but it appears that it is not a corporation of that State only. It is a corporation likewise of Arkansas, and, as the plaintiff is a citizen also of Arkansas, removal can not take place. Martin’s Admr. vs. B. & O. R. R. Co., 151 U. S. 673; 119 U. S. 240; 107 U. S. 581.
It is therefore adjudged and decreed that the order of removal be vacated, the case reinstated on the docket of the court a qua and be proceeded with according to law — costs of appeal to be borne by defendant and appellee.