GRAY v. GRAND FORKS MERCANTILE CO. et al.

(Circuit Court of Appeals, Eighth Circuit.   May 9, 1905.)

No. 2,032.

1. BANKRUPTCY—APPEAL FROM ALLOWANCE OF CLAIMS—PARTIES—TRUSTEE.

On an appeal by a trustee in bankruptcy from a judgment of the bankrupt court allowing claims for expenses and costs of administration, the question whether the judgment shall stand or be reversed is of such direct interest to those whose claims are sustained by it that no determination thereof can be had without affording them an opportunity to be heard in defense of the judgment. On such an appeal the trustee represents the general creditors of the estate, and not those the allowance of whose claims is challenged by him.

2. SAME—ALIAS CITATION.

Where an appeal to which necessary parties are omitted is seasonably docketed, but no application for the issuance of an alias citation to them is made before the expiration of the first term at which the case can be heard, the appeal becomes inoperative, in so far as it challenges rights of the omitted parties.

3. SAME—AMOUNT IN CONTROVERSY.

Bankr. Act July 1, 1898, c. 541, par. 25a, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], declares that appeals as in equity cases may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Court of Appeals from a judgment "allowing or rejecting a debt or claim of five hundred dollars or over." *Held*, that the restriction plainly has reference to the amount, not of the original claim, but of the allowance or rejection, and therefore to the amount which will be put in controversy by the appeal.

Appeal from the District Court of the United States for the District of North Dakota.

The appellant is the trustee, and the appellees are creditors, of the estate of one O. H. Johnson, who was adjudged a bankrupt on his voluntary petition. In his final report and account the trustee claimed credit for three items of $56.80, $9.75, and $2.50, paid to C. J. Murphy, C. E. McNamara, and Alice Blair, respectively, for legal and stenographic services rendered at the instance of the trustee in connection with objections made by him to the bankrupt's application for a discharge. In his final report and account the trustee also reported that, among others, there were "unpaid bills against said estate" as follows: Alice Blair, reporting testimony in connection with the hearing upon the bankrupt's application for a discharge, $5; John Lynch, clerk of court, fees connected with that hearing, $15; W. J. Carroll, sheriff, expenses incurred in an attachment of the goods of the bankrupt prior to the filing of the petition in bankruptcy, $143.40; George F. Porter, services as attorney for the trustee, $500; A. W. Gray, the trustee, expenses incurred and special services rendered in the administration of the estate, $272.22. The appellees, as general creditors, objected to the claim of the trustee's

attorney, Porter, as excessive, and to the trustee's claim for special services as without foundation in fact and without authority in law. Other creditors, not parties to this appeal, objected to the items shown to have been paid to Murphy, McNamara, and Blair, and to the unpaid claims of Blair and Lynch, as not proper charges against the estate, and to the unpaid claim of Carroll as excessive, and not a preferred claim. Upon the hearing had upon these objections the referee made an order approving the payments made to Murphy, McNamara, and Blair, directing the payment of the unpaid claims of Blair, Lynch, and Carroll, allowing $75 for Porter's services and disallowing the balance of his claim, and allowing $122.22 to the trustee for traveling and other expenses incurred by him and disallowing his claim for special services amounting to $150. The trustee, Porter, and some of the creditors excepted to the order of the referee, and upon their petition the referee certified to the District Court the questions presented in respect of each of these claims, together with the evidence and his findings and order. In the District Court a decree was entered sustaining the action of the referee, and to obtain a reversal of that decree the present appeal was taken by the trustee within 10 days thereafter. The assignments of error challenge the allowance of the claims of Murphy, McNamara, Blair, Lynch, and Carroll, and the partial disallowance of the claims of Porter and the trustee. The appellant asks that the decree of reversal include a direction that Murphy, McNamara, and Blair be required to return to the trustee the moneys paid to them upon their claims. Porter did not appeal, but he procured the allowance of the trustee's appeal, and has participated in its prosecution. No citation or other notice of the appeal was issued or given to Murphy, McNamara, Blair, Lynch, or Carroll, and no appearance on behalf of any of them has been entered in this court.

Sydney Anderson (George F. Porter, on the brief), for appellant.

Daniel B. Holt (John D. Benton and Verner R. Lovell, on the brief), for appellees.

Before SANBORN, VAN DEVANTER, and HOOK, Circuit Judges.

VAN DEVANTER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The principle that a court cannot directly adjudicate the rights of a person who is not before it is fundamental (Gregory v. Stetson, 133 U. S. 579, 10 Sup. Ct. 422, 33 L. Ed. 792), and is as applicable to courts exercising appellate jurisdiction as to those whose jurisdiction is original (Terry v. Abraham, 93 U. S. 38, 23 L. Ed. 794; Davis v. Mercantile Co., 152 U. S. 590, 14 Sup. Ct. 693, 38 L. Ed. 563; Dodson v. Fletcher, 24 C. C. A. 69, 78 Fed. 214; American Loan & Trust Co. v. Clark, 27 C. C. A. 522, 83 Fed. 230; Grand Island & W. C. R. Co. v. Sweeney, 43 C. C. A. 255, 103 Fed. 342; Marshall, Field & Co. v. Wolf Bro. Dry Goods Co., 57 C. C. A. 326, 120 Fed. 815). But one may be before a court so as to enable it to adjudicate his rights, and yet not be an actual party to the proceeding; as when he is represented by a receiver or trustee who is an actual party, and whose duty it is to protect his interests. He is then what is termed a quasi party, and is bound by the judgment or decree, unless there be fraud or collusion between his representative and the adverse party. Kerrison, Assignee, v. Stewart, 93 U. S. 155, 23 L. Ed. 843; Atlantic Trust Co. v. Dana, 62 C. C. A. 657, 670, 128 Fed. 209, 222; Chatfield v. O'Dwyer, 42 C. C. A. 30, 101 Fed. 797; In re Utt, 45 C. C. A. 32, 105 Fed. 754; Foreman v. Burleigh, 48 C.

C. A. 376, 109 Fed. 313; In re Lewensohn, 57 C. C. A. 600, 121 Fed.
538. By the decree challenged by this appeal it was adjudged that
the claims of Murphy, McNamara, Blair, and Lynch represent le-
gitimate expenses and costs of administration; that the claim of
Carroll, while not of this character, is yet a lawful one, and entitled
to priority; and that each of these claims is properly payable out
of the bankrupt's estate. The question whether the decree shall
stand or be reversed is obviously of direct interest to the claim-
ants whose claims are sustained by it, and because of this interest
the question cannot be determined without affording these claim-
ants an opportunity to be heard in defense of the decree. That
this is so is made plain in Terry v. Abraham, supra, where the court,
while doubting the existence of any good reason for the decree chal-
lenged by the appeal in that case, said:

"But there may have been a good reason for it; and, if the creditors who
shared in the distribution were here as parties, they might be able to sus-
tain the action of the court below. At all events, as no order on the subject
could now be made without disturbing their rights under the decree, and as
appellant has not thought proper to bring them here, the decree cannot be
changed on that subject."

The only parties respondent to this appeal are two general credit-
ors. The citation is directed to them only. The reason for their
presence lies in the fact that it was upon their objections that the
claims of Porter and the trustee were partially disallowed. Murphy,
McNamara, Blair, Lynch, and Carroll are not before this court as
actual parties, and are not represented by any one who is an actual
party. The trustee is not their representative. He is seeking to
strike down the allowance of their claims, and in this is the represen-
tative of the general creditors of the estate. Chatfield v. O'Dwyer,
supra. Of course he cannot represent or speak for both sides to the
controversy. In this situation no change can be made in the decree
that will disturb the rights of Murphy, McNamara, Blair, Lynch, or
Carrol thereunder.

As the appeal was seasonably taken, and was seasonably docketed
here, it would have been within the power of this court to direct the
issuance of an alias citation to the omitted parties, and to have al-
lowed time for its service, had application therefor been made before
the expiration of the first term at which the case could have been
heard. Lockman v. Lang, 65 C. C. A. 621, 132 Fed. 1. Such an
application was not made, although the necessity therefor appears
to have been brought to the attention of the appellant's counsel
in ample time. Two full terms have now elapsed, and the appeal
has become inoperative in so far as it challenges the claims of those
who have not been brought into this court. Jacobs v. George, 150
U. S. 415, 14 Sup. Ct. 159, 37 L. Ed. 1127; Altenberg v. Grant, 28
C. C. A. 244, 83 Fed. 980; Railroad Equipment Co. v. Southern Ry.
Co., 34 C. C. A. 519, 92 Fed. 541. But, apart from the presence or
absence of necessary parties, this court is without authority upon
this appeal to review the action of the court below in allowing the
claims last mentioned, or in partially rejecting the claims of Porter
and the trustee. Bankr. Act July 1, 1898, c. 541, § 25a (30 Stat.

553 [U. S. Comp. St. 1901, p. 3432]), declares "that appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Court of Appeals * * * from a judgment allowing or rejecting a debt or claim of five hundred dollars or over." The decree complained of does not allow or reject a debt or claim of $500 or over. Only one debt or claim of that amount was acted upon. It was partially allowed and partially rejected, but neither the allowance nor the rejection reaches the prescribed amount. The appeal does not put in controversy the entire claim, but only what was rejected. The partial allowance will stand, even if the appeal is not successful. It is not easily believable that the Congress would grant a right of appeal to one whose claim for $500 or over is rejected to the extent of $425, the balance being allowed, and would at the same time deny a right of appeal to one whose claim for $425 is rejected in its entirety. The amount put in controversy by the appeal would be the same in either instance. So, also, the injury to the claimant would be the same in either case if the rejection were wrongful. The purpose of the Congress in restricting the right of appeal was evidently to avoid inconvenience, delay, and expense to claimants and bankrupt estates which would be disproportionate to the amount in controversy. When read with due regard to this purpose, the restriction plainly has reference, not to the amount of the original claim, but to the amount of the allowance or rejection; that is, to the amount which will be put in controversy by the appeal. Hilton v. Dickinson, 108 U. S. 165, 2 Sup. Ct. 424, 27 L. Ed. 688; Dows v. Johnson, 110 U. S. 223, 3 Sup. Ct. 640, 28 L. Ed. 128. As the decree below did not allow or reject any debt or claim of $500 or over, there was no right of appeal therefrom.

Counsel have proceeded upon the assumption that a claim which represents expenses or costs of administration is a "debt or claim" within the meaning of the provision before quoted granting and restricting the right of appeal. The assumption appears to be sustained by the bankruptcy act, notably by section 64b; but, if it were not, that would be another reason why there would be no right of appeal from the allowance or rejection of any of the claims other than that of Carroll, which is not of that character.

To avoid any misunderstanding as to what is here decided, it may be well to observe that this case is clearly distinguishable from one where the trustee is given or refused credit for different payments aggregating $500 or over, claimed to have been actually made by him in the due administration of the estate. In such a case he would be the creditor or claimant, and the different payments would be only items of a single debt or claim.

As there is no authority of law for this appeal, it is dismissed.