In re T. E. HILL CO.

CONTRACTORS' SUPPLY & EQUIPMENT CO. et al. v. T. E. HILL CO. et al.

(Circuit Court of Appeals, Seventh Circuit. October 25, 1906.)

No. 1,276.

1. BANKRUPTCY—APPEALS—CITATION AND BOND.
   Neither citation nor bond are jurisdictional requisites to an appeal in bankruptcy, and defects therein may be cured after the time limited for appeal.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 923.
   Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. SAME—CORPORATIONS SUBJECT TO ADJUDICATION—CONSTRUCTION COMPANY.
   A construction company, whose business is the building by contract of piers and abutments for railroad bridges, made of concrete, which is mixed on the ground as the work progresses, with the necessary incidental work, is not a corporation engaged principally in manufacturing, within the meaning of Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], and is not subject to proceedings in involuntary bankruptcy.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Lloyd C. Whitman, for appellants.
Chas. C. Buell, for appellees.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge. This is an appeal by creditors, petitioning for an adjudication of bankruptcy against T. E. Hill Company, a corporation, from an order of the District Court, sitting in bankruptcy, which dismisses their petition, upon report of a special master that such corporation was not subject to bankruptcy adjudication. In the record as brought up on the appeal the T. E. Hill Company is named as sole appellee, although it appears that one of its creditors, Wilke & Wiechen, also answered the petition and was heard in opposition, as authorized by section 59f of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3445]). For the omission to name this objecting creditor in the bond and citation on

appeal, the T. E. Hill Company challenges jurisdiction here and moves to dismiss the appeal. The appellants, without conceding the alleged defect, move for alias citation to bring in the omitted party. These motions were heard together, with the argument upon the merits, and jurisdiction of the appeal must be ascertained before inquiry is open as to the merits of the order.

1. The District Court approved the findings and dismissed the petition on February 10, 1906, and noted in the order that the petitioners "except and enter their motion for an appeal." The petition for appeal and assignment of errors were filed February 13th, and the appeal was allowed and the amount of bond fixed by an order of that date. On February 20th, the appellants filed their bond, running to the T. E. Hill Company alone, which was approved by the court, and citation was issued February 26th naming that company as sole appellee. The answering creditors, Wilke & Wiechen, were and are unquestionably entitled to be heard, upon appeal, in support of the order. Their answer and standing, however, as presented in the District Court, are identical with that of the alleged bankrupt. So, with no interest stated apart from representation of the estate involved in the proceeding and with that interest represented, their presence is not needful for the hearing, unless jurisdiction of the appeal fails through the omission to give them notice through citation. This appeal was allowed by the entry of an order, as "the judicial act of the court" (Edmonson v. Bloomshire, 7 Wall. 306, 311, 19 L. Ed. 91; Peugh v. Davis, 110 U. S. 227, 228, 4 Sup. Ct. 17, 28 L. Ed. 127), and the allowance was within the ten days limited (Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]) for taking appeal · as well were the approval of the bond and issuance of the citation to the appellee, T. E. Hill Company, within such time. The general rule is established, as stated by this court in McNulta v. West Chicago Park Com'rs, 99 Fed. 328, 39 C. C. A. 545, that no citation is required "when an appeal is allowed in open court at the same term when the decree was rendered." In appeals in bankruptcy, however, this rule may not be applicable, for the reason that there are no stated terms of the bankruptcy court, as such, but the jurisdiction is exercised by the district courts throughout the proceedings (Act July 1, 1898, c. 541, § 2, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3420]), "in vacation, in chambers and during their respective terms." Thus each "proceeding in bankruptcy, from its commencement to its close upon the final settlement, is but one suit." Wiswell v. Campbell, 93 U. S. 347, 348, 23 L. Ed. 923.

The contention is that an appeal in such cases, not allowed instanter, is not "taken," within the meaning of section 25a, unless a citation issues and bond is filed within the ten days. Whether a citation is needful, by way of notice to the parties, in any appeal in bankruptcy, may not be clear under the authorities; and the cases cited for and against the present motions are not harmonious in reference to citation or bond, as requisites to confer jurisdiction of any appeal. In Jacobs v. George, 150 U. S. 415, 416, 14 Sup. Ct. 159, 37 L. Ed. 1127, and Mattingly v. N. W. Virginia R. R., 158 U. S. 53, 56, 15 Sup. Ct. 725, 39 L. Ed. 894, however, the general doctrine is established for

appeals in equity that "neither signing nor service of the citation is jurisdictional, its only office being to give notice to the appellees," and that failure or defects therein may be cured after the time limited for appeal. Like rule is applied to perfect the bond for appeal. Edmonson v. Bloomshire, 7 Wall. 306, 311, 19 L. Ed. 91; Peugh v. Davis, 110 U. S. 227, 228, 4 Sup. Ct. 17, 28 L. Ed. 127. Under these decisions, the Circuit Court of Appeals of the Sixth Circuit so ruled in reference to appeal in bankruptcy in Columbia Iron Works v. National Lead Co., 127 Fed. 99, 101, 62 C. C. A. 99, 64 L. R. A. 645; and as well the Circuit Court of Appeals of the Eighth Circuit in Lockman v. Lang, 132 Fed. 1, 3, 65 C. C. A. 621, and Gray v. Grand Forks Mercantile Co., 138 Fed. 344, 346, 70 C. C. A. 634. We concur in the view that bankruptcy appeals are within the rule thus stated; so that citation and bond are not jurisdictional requisites, and the motion to dismiss is overruled. Under our conclusion upon the merits, it is immaterial whether citation or bond should have run as well to the objecting creditor, and no order is needful upon the motion for alias citation or amendment of bond.

2. The single question involved in the appeal is whether the evidence establishes that the appellee corporation was "engaged principally in manufacturing" or other pursuit, required under the act (Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]) to be adjudged an involuntary bankrupt. The requirements for a corporation are that it be "engaged principally in manufacturing, trading, printing, publishing, mining or mercantile pursuits"; and the master's report rightly eliminates all of these from consideration, under the evidence, except the contention that the appellee's work was manufacturing. The proof is undisputed that the sole business of the appellee, from the time of its incorporation, was the construction, under contract, of piers and abutments, made of concrete, for railroad bridges, including the work of clearing the foundations, in some instances building cofferdams and driving piling for the work. In other words, it was of the class commonly known as "construction companies," and not within the usual definition of a manufacturer—namely, one "engaged in the manufacture for sale of articles of commerce." Columbia Iron Works v. National Lead Co., 62 C. C. A. 99, 127 Fed. 99, 102, 64 L. R. A. 645.

The contention that this work is manufacturing rests on the fact that the material of the structure is concrete, which is made by the appellee, upon the ground, as the work progresses, by the "assembling of sand, gravel, cement, and water." Machines are generally used for mixing this material, but it was sometimes "mixed by hand." The operation thus described is not manufacturing in the above-mentioned sense of that term; nor distinguishable, for the present inquiry, from other building operations. Without straining the term thus selected by the Congress in the careful enumeration of corporate pursuits made amenable to bankruptcy adjudication, it is not applicable to the appellee's work; and we are of the opinion that no construction is authorized which would so extend the import of the provision. If well-recognized business of the class carried on by the appellee is not to be excluded from the act, the correction is not for the courts to make by

way of strained interpretation. The recent opinion of the Circuit Court of Appeals of the Fourth Circuit, in Butt v. C. F. MacNichol Const. Co., 140 Fed. 840, 72 C. C. A. 252, is both in point and accords with the foregoing view. No other citations in the briefs call for reference or discussion.

The order of the District Court is affirmed.