## HART et al. v. WILTSEE et al.

## PARKER v. NEW ENGLAND OIL CORPORATION.

(Circuit Court of Appeals, First Circuit. December 31, 1926. Rehearing Denied January 25, 1927.)

### No. 2070.

1. **Appeal and error ⬉323(2)—Where liability of one defendant is separate, not joint, it is not indispensable party to appeal by other defendants.**

Where liability of one defendant is separate and not joint, it is not an indispensable party appellant to appeal by other defendants,

2. **Appeal and error ⬉329—Circuit Court of Appeals, if necessary, may bring in additional parties appellees by citation, on having jurisdiction.**

Circuit Court of Appeals having jurisdiction, where appeal was taken within proper time, bond deposited, and case duly docketed, citation to bring in additional parties appellees may issue, if necessary.

3. **Appeal and error ⬉407(2)—Citation may issue after time for taking appeal.**

A citation may be issued and served, even after expiration of time for taking an appeal.

Appeal from the District Court of the United States for the District of Massachusetts.

Suit by Henry S. Parker against the New England Oil Corporation, in which the New England Oil Refining Company, Francis R. Hart, and others were made parties on their motion, and wherein Ernest Wiltsee and others intervened. From the decree entered therein, Francis R. Hart and others appeal. On motion of Ernest Wiltsee and others to dismiss the appeal. Motion denied, on condition appellant file printed copies of proper brief within 15 days.

For opinions below, see 4 F.(2d) 392; 8 F.(2d) 392; 13 F.(2d) 158. See, also, 13 F. (2d) 497; 15 F.(2d) 236.

Charles F. Choate, Jr., and Nathan Matthews, both of Boston, Mass., for appellants.

Sherman L. Whipple and Claude B. Cross, both of Boston, Mass., for Wiltsee et al.

Hugh W. Ogden, of Boston, Mass., for L. K. Morse.

George K. Gardner and Goodwin, Procter, Field & Hoar, all of Boston, Mass., for Lafayette Tuck.

Frederick N. Wier, of Lowell, Mass., for Middlesex Safe & Trust Co.

Lincoln Bryant, of Boston, Mass., for James M. Russell et al.

Romney Spring, of Boston, Mass., for Wm. O. Kimball et al.

Francis W. Sullivan, of Portland, Me., for Clarence A. Baker et al.

Frederick Foster, of Boston, Mass., for W. Joseph Tracy et al.

Arthur D. Hill, Hill, Barlow & Homans, Arthur C. Sullivan, and John H. Sherburne, all of Boston, Mass., for other respondents.

Before BINGHAM, JOHNSON, and MORRIS, Circuit Judges.

BINGHAM, Circuit Judge. July 14, 1922, Henry S. Parker, a creditor of the New England Oil Corporation, brought a creditor's bill, seeking the appointment of receivers for the Oil Corporation in the District Court of Massachusetts. On July 22, 1922, the receivers were appointed. On January 8, 1923, the New England Oil Refining Company and Francis R. Hart, Daniel G. Wing, Alfred L. Aiken, Allan Forbes, Frank Finsthwait, and Thomas F. West, Jr., a committee representing the holders of notes of the New England Oil Corporation, of their own motion were made parties in the receivership proceeding. January 22, 1923, the noteholders' committee presented a plan for the reorganization of the Oil Corporation, which the court approved February 17, 1923. February 26, 1923, Ernest Wiltsee was allowed to intervene and file a late proof of claim, and on June 27, 1923, was adjudicated a creditor of the Oil Corporation in the sum of $176,000. Wiltsee's claim having been affirmed by the Circuit Court of Appeals (New England Oil Refining Co. v. Wiltsee, 3 F.[2d] 424), on May 8, 1924, he filed a petition asking information as to the reorganization effected by the noteholder's committee, and the manner of carrying it into effect. August 13, 1924, a decree was entered directing the committee to give the desired information. See (D. C.) 4 F. (2d) 392. April 27, 1925, the committee having previously on August 27, 1924, filed a report, a decree was entered requiring it to give further information. The committee filed a further report. Between April and August, 1925, hearings were had before the court on Wiltsee's petition for information and the reports of the committee, during which time the New England Oil Refining Company sought to appear in the proceedings, but was denied

the right to do so. July 28, 1925, Wiltsee filed a petition in his own behalf, asking relief against the noteholder's committee for failure of duty and for damages, and on July 31, 1925, he presented another petition in behalf of himself, or in behalf of himself and other creditors who might become parties thereto, containing substantially the same allegations and asking for damages against the committee. On August 4, 1925, the District Court allowed the last petition to be filed nunc pro tunc as of May 8, 1924, the date of Wiltsee's original petition. October 7, 8, 1925, a decree was entered, in which it was found that the committee obtained the decree of February 17, 1923, through fraudulent representations, and were guilty of fraud in carrying out the reorganization, so far as it affected the rights of Wiltsee or any other creditors of the Oil Corporation to rescind the settlement of their claims, and ordered the receiver of the Oil Corporation to send notices of the decree to all former creditors, and that the Refining Company should pay the expenses incurred by the receiver in the proceedings pursuant to the order and stipulation of September 24, 1923. (This decree of October 7, 8, and the stipulation of September 24, 1923, are given and explained more at length in our opinion of November 16, 1925. In re New England Oil Refining Co., 9 F.[2d] 344). On December 14, 1925, a decree was entered amending the decree of October 7, 8, but only in so far as the decree of October 7, 8, fixed the time when the acts and things there required to be done should be performed. Shortly after April 28, 1924, the petitions of five more creditors were allowed, subject to objection of the committee, as being too late, etc., and on May 15, 1926, a final decree was entered awarding damages against the committee in the sum of $3,327,740.48. Included in this sum was $7,461.55, being expenses and compensation of receiver, which the Refining Company was ordered to pay pursuant to the stipulation of September 24, 1923. By this decree the claims of 336 creditors, who had been permitted to intervene, including those of the above-named 5, were allowed with interest.

July 1, 1926, Hart, Wing, Aiken, Forbes, Finsthwait, and West, Jr., the noteholder's committee, petitioned for leave to appeal from the interlocutory decrees of August 13, 1924, April 27, 1925, October 7, 8, 1925, December 14, 1925, and the final decree of May 15, 1926, filed their assignments of error, deposited $250 in lieu of bond for costs, and their appeal was allowed. July 7, 1926, citation on appeal was issued in behalf of said petitioners, citing in said Wiltsee and a large number of creditors, but not all of them. Thereafter the case was duly docketed in this court.

Wiltsee, in behalf of himself and other creditors cited as appellees, now moves to dismiss the appeal on the ground that the committee has failed to join as appellants parties who are indispensable to a proper appeal, that by the decrees appealed from the committee and the Refining Company are made jointly liable, and that the Refining Company should therefore have been joined as a party appellant, or summoned or severed in the court below, and, as neither of these things was done, the appeal must be dismissed for want of jurisdiction.

It also moves to dismiss the appeal on the ground that certain indispensable parties to a proper appeal have not been cited as appellees; that Mr. Garfield, the receiver, is an indispensable party appellee; that some 260 creditors, whose claims were allowed and embraced in the decree of May 15, 1926, are indispensable parties appellees, and have not been cited; that some 5 of these creditors, whose claims were allowed late, and which stand differently than the claims of other creditors who are made parties, have not been cited as appellees; that Henry S. Parker, complainant in the original suit, is a necessary appellee, and has not been cited; that the Tanker Syndicate, whose claim was disallowed, and the New England Oil Corporation, are likewise indispensable parties to a proper appeal, but whether as appellants or appellees the motion does not state.

The chief contention of the proponents of the motion is that by the decrees in question the Refining Company is made jointly liable with the committee to Wiltsee and the other creditors, and, being jointly liable and there having been no summons or severance, it is an indispensable party appellant; that, such being the case, this court is without jurisdiction to entertain the appeal, or to permit the Refining Company to voluntarily appear and be joined as a party appellant in this court.

We do not find it necessary to decide whether we would be authorized to permit such an amendment if the decrees appealed from imposed a joint liability upon the Refining Company and the committee, for we are of the opinion that the Refining Company is not made jointly liable with the committee in these decrees, and therefore is not an indispensable party appellant. While the Refining Company was made a party to the original receivership proceeding, it was not made or permitted to become a party to the pro-

cceeding instituted by Wiltsee. Its petition to become such party was denied. The provisions in the decrees relating to the committee, and upon which their liability is predicated, is their fraud or failure of duty to the Oil Corporation and its creditors, to whom they stood in a trust relation, in recommending and carrying out the plan of reorganization. The Refining Company is not found to stand in a like trust relation to the Oil Corporation and its creditors, or to be guilty of fraud, nor is it decreed to be jointly liable with the committee for their fraud or breach of trust. Indeed, it is doubtful, inasmuch as the Refining Company was not a party to the proceeding instituted by Wiltsee, whether the decree, so far as it applies to the Refining Company, is of any validity.

The provisions of the decrees so far as they affect the Refining Company are based upon the stipulation of September 24, 1923, made in the early days of the receivership, wherein it agreed with the receiver, on his transferring to it the assets remaining in his hands, that it would assume the obligation of paying to him such further compensation as the court might award him and such further expenses incurred as the court might approve. The members of the committee were not parties to the stipulation or bound by the decrees thereon against the Refining Company. Consequently, in any aspect, the provisions of the decrees, so far as they affect the Refining Company, do not impose a joint liability, but a distinct and independent liability from the one imposed on the committee for their breach of trust or fraud. The receivership expenses, which by the decree the Refining Company is to advance, the receiver is to repay it upon his collection of the damages, costs, and expenses for which the committee are made liable by the decrees. The interest of the Refining Company, instead of being joint or of like interest with that of the committee, would seem to be antagonistic to it. All the decrees appealed from, so far as they concern the Refining Company, are based upon the stipulation of September 24, 1923, in which the committee has no interest, joint or otherwise.

[1] The liability of the Refining Company, being separate, and not joint, it is not an indispensable party appellant. The New York (C. C. A.) 104 F. 561; Lamon v. Speer Hardware Co. (C. C. A.) 198 F. 453; Love v. Export Storage Co. (C. C. A.) 143 F. 1; Forgay v. Conrad, 6 How. 201, 12 L. Ed. 404; Brewster v. Wakefield, 22 How. 118, 16 L. Ed. 301; Todd v. Daniel, 16 Pet. 521, 10 L. Ed. 1054; Winters v. United States, 207 U. S. 564, 574,

28 S. Ct. 207, 52 L. Ed. 340; Hupper v. Hyde (C. C. A.) 296 F. 862; Reinecke v. Peacock (C. C. A.) 3 F.(2d) 583; Higbee v. Chadwick (C. C. A.) 220 F. 873; Galveston, H. & N. Ry. Co. v. House (C. C. A.) 102 F. 112.

Why Parker, the New England Oil Corporation, or the Tanker Syndicate should be joined as appellants it is difficult to see. As to them no liability has been established, no relief denied, and no damages assessed by the decrees. They are not even mentioned in the decrees. They are not necessary parties appellant, though they may be cited as appellees.

[2] The necessary parties appellant having joined in the appeal, the appeal having been taken and allowed within the time prescribed by law, cash in lieu of bond for costs deposited, the case duly docketed in this court, and the term of court here next ensuing after taking the appeal not having expired, we have jurisdiction over the case, and may issue a citation to bring in additional parties appellees, if deemed necessary. Railroad Equipment Co. v. Southern Ry. Co. (C. C. A.) 92 F. 541; Gray v. Grand Forks Mercantile Co. (C. C. A.) 138 F. 344; Browning v. Boswell (C. C. A.) 209 F. 788; In re T. E. Hill Co. (C. C. A.) 148 F. 832; Lockman v. Lang (C. C. A.) 132 F. 1; Mendenhall v. Hall, 134 U. S. 559, 10 S. Ct. 616, 33 L. Ed. 1012; Dayton v. Lash, 94 U. S. 112, 24 L. Ed. 33; Shute v. Keyser, 149 U. S. 649, 13 S. Ct. 960, 37 L. Ed. 884; Jacobs v. George, 150 U. S. 415, 14 S. Ct. 159, 37 L. Ed. 1127; Dodge v. Knowles, 114 U. S. 430, 5 S. Ct. 1197, 29 L. Ed. 144; Id., 114 U. S. 436, 5 S. Ct. 1108, 29 L. Ed. 296; Railroad Co. v. Blair, 100 U. S. 661, 25 L. Ed. 587.

[3] A citation may be issued and served, even after the expiration of the time for taking an appeal. Evans v. State Bank, 134 U. S. 330, 10 S. Ct. 493, 33 L. Ed. 917; Mattingly v. Northwestern Virginia R. R. Co., 158 U. S. 53, 15 S. Ct. 725, 39 L. Ed. 894; Berliner Gramophone Co. v. Seaman, 108 F. 714 (C. C. A. 4th Cir.).

The appellants' motion for issuance of citation is granted, provided, however, that the citation, mode of service, and persons or groups of persons to be cited shall be hereafter submitted to and approved by the court.

The three motions, relating to amending the record on appeal, to allowing the New England Oil Refining Company to appear, and to allowing it to be joined as a party appellant, are denied.

The application suggesting diminution of the record is denied. The alleged opinion of July 10, 1925, was never made a part of the

record in the court below. The same is true of the alleged copy of the receivers' second report. If the latter should have been received in evidence and made a part of the record, the transcript here filed adequately presents what is necessary to raise the question.

The motion to dismiss the appeal is denied, provided the appellants within 15 days file with the clerk, for the use of the court and the appellees, 15 printed copies containing, in succinct and brief form, such statement of the questions sought to be raised as may be reasonably necessary to a proper consideration of the case, and so reduced in number, as compared with the errors assigned (390), as to manifest a reasonable attempt to comply with the rules of this court and the general purpose of assignments of error, viz. that they may aid, not burden, the court or opposing counsel in ascertaining the real questions they will be called upon to investigate and consider.

On Petition for Rehearing.

PER CURIAM. The petition for rehearing is denied. The conclusion reached in our opinion of December 31, 1926, denying Wiltsee's motion to dismiss the appeal, is in no way affected whether the New England Oil Refining Company was or was not a party to the proceeding instituted by Wiltsee.

Petition denied.