**6**

ALBERT J. GOULD, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91193.  Promulgated June 1, 1939.

*George T. Evans, Esq.*, for the petitioner.
*Joe D. Hughes, Esq.*, for the respondent.

### OPINION.

VAN FOSSAN: The respondent determined deficiencies of $308 and $885.64 for the taxable years 1934 and 1935, respectively, consequent on his holding that income received by petitioner as public administrator of the City and County of Denver, State of Colorado, was taxable. Taxpayer duly filed his petition under date of November 1, 1937, alleging the above holding to be error. Issue was joined and the case came on for hearing on November 14, 1938, at which time a stipulation of facts was filed, agreeing that petitioner, during 1934 and 1935, was the duly appointed, qualified, and acting public administrator in and for the City and County of Denver, State of Colorado, under and by virtue of the Constitution and laws of the State of Colorado, and an order of the County Court of said City and County of Denver, dated July 31, 1933. The parties also stipulated the appropriate portions of the Constitution of Colorado and of the statutes of said state dealing with the appointment, qualifications, duties, removal, and compensation of public administrators. The case was duly submitted and petitioner filed a brief.

On March 14, 1939, respondent by his Chief Counsel addressed a letter to the Board in which the following paragraph appeared:

In this case there is involved the validity of the Commissioner's attempt to tax the compensation of a public administrator in the State of Colorado during the years 1934 and 1935. It is not denied that the petitioner was either an officer or an employee of the State of Colorado. There is now pending in the Senate a bill (H. R. 3790) to be citable as the "Public Salary Tax Act of 1939", designed, *inter alia*, to grant relief from such taxation for taxable years beginning prior to January 1, 1939. The provisions of the bill, if enacted into law, will prevent the Commissioner from proceeding any further in the instant case with respect to the compensation involved.

The statute referred to in the quoted paragraph was duly passed by the Congress and was approved by the President April 12, 1939. The pertinent part of the statute appears below.[1]

A public administrator, being an "officer of a court" undoubtedly comes within the scope of the statute. In fact, the parties are in agreement that taxpayer was an officer or an employee of the State of Colorado and that the quoted statute is applicable and bars the Commissioner from ever assessing or collecting the deficiency.

The only question remaining is the nature of the decision to be entered in this proceeding. Specifically, shall we pursue a wholly futile and purposeless procedure and redetermine the deficiency which would have been due and collectible if the statute had not been passed and "the doctrines in the cases of *Helvering* against *Therrell* (303 U. S. 218), *Helvering* against *Gerhardt* (304 U. S. 405), and *Graves et al.* against *New York ex rel. O'Keefe* (306 U. S. 466), extending the classes of officers and employees subject to Federal taxation" [2] were applied? Or shall we give practical implementation to the intention of Congress underlying the statute and hold that the deficiency is extinguished?

In *National Refining Co. of Ohio*, 1 B. T. A. 236, the Board faced a comparable situation arising out of the application of the statute of limitations. In the cited case the Government contended that the Board had no jurisdiction to entertain a proceeding which went only to the remedy of collection of taxes and not to the amount of the deficiency proposed by the Commissioner. The Board observed:

It appears to be clearly evident that the plea of limitation raises a distinct question as to the liability of the taxpayer for the tax. It is also evident that

---

[1] SEC. 201. Any amount of income tax (including interest, additions to tax, and additional amounts) for any taxable year beginning prior to January 1, 1938, to the extent attributable to compensation for personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing—

(a) shall not be assessed, and no proceeding in court for the collection thereof shall be begun or prosecuted (unless pursuant to an assessment made prior to January 1, 1939) ;

(b) if assessed after December 31, 1938, the assessment shall be abated, and any amount collected in pursuance of such assessment shall be credited or refunded in the same manner as in the case of an income tax erroneously collected; and

(c) shall, if collected on or before the date of the enactment of this Act, be credited or refunded in the same manner as in the case of an income tax erroneously collected, in the following cases—

(1) Where a claim for refund of such amount was filed before January 19, 1939, and was not disallowed on or before the date of the enactment of this Act;

(2) Where such claim was so filed but has been disallowed and the time for beginning suit with respect thereto has not expired on the date of the enactment of this Act;

(3) Where a suit for the recovery of such amount is pending on the date of the enactment of this Act; and

(4) Where a petition to the Board of Tax Appeals has been filed with respect to such amount and the Board's decision has not become final before the date of the enactment of this Act.

\*      \*      \*      \*      \*      \*      \*

SEC. 210. For the purposes of this Act, the term "officer or employee" includes a member of a legislative body and a judge or officer of a court.

[2] Sec. 203, Public Salary Tax Act of 1939.

Congress intended this Board to determine any liability and any taxpayer appealing to it regarding a deficiency imposed prior to payment of the tax. Such being the situation, we do not hesitate to assume jurisdiction in this appeal.

After considering the case on its merits the Board ruled:

In view of these considerations the special defense of the Commissioner must fall. Therefore, we hold that the taxpayer is protected by the statute of limitations, the liability determined by the Commissioner was barred on July 21, 1923, and the deficiency for the year 1917 is disallowed.

In *West Town State Bank*, 32 B. T. A. 531, where the Commissioner was urging that the Board adopt a restricted view of its functions, the Board said:

\* \* \* we must reject the Commissioner's argument. It would restrict the Board to a merely academic function having no regard for substantial rights and liabilities. We may not so far close our eyes to the law as to adjudicate as a deficiency or a transferee liability an amount which by the Constitution or a supervening statute or decision may not legally be imposed or exacted. This was held at the beginning of the Board's existence and has since been consistently adhered to, *National Refining Co. of Ohio*, 1 B. T. A. 236; *New York, Ontario & Western Railway Co.*, 1 B. T. A. 1172, 1182; *Leah Brunt*, 5 B. T. A. 134; *Independent Life Insurance Co. of America*, 17 B. T. A. 757; *American Security & Trust Co. et al., Executors*, 24 B. T. A. 334, 346. See *W. P. Brown & Sons Lumber Co. v. Burnet*, 282 U. S. 283; *Helvering v. Independent Life Insurance Co.*, 292 U. S. 371. For the Board to pass upon a computation of a hypothetical amount which is without substance and which may not be assessed or collected is analogous to the determination by the Court of Claims of nominal damages; and it has been held by the Supreme Court, with no more express statutory support than is here, that the Court of Claims has no such jurisdiction. *Nortz v. United States*, 295 U. S. 317; *Grant v. United States*, 7 Wall. 311, 338; *Marion & Rye Valley Ry. Co. v. United States*, 270 U. S. 280.

So it is here—a broad view of the duty of the Board in the premises requires that we interpret the intention of Congress in passing the Public Salary Tax Act and so far as lies within our powers make that statute practically effective. We do not believe it incumbent on the Board to be a participant in the doing of a vain and futile thing.

Accordingly, believing it to accord with Congressional intention, we hold that in cases such as the present, where the deficiency is solely attributable to compensation received as an officer or employee of the State and where the Public Salary Tax Act of 1939 is by its terms applicable, the effect of the act is to extinguish the deficiency.

*Decision of no deficiency will be entered.*